PAUL GRANAHAN, individually and as administrator, & others[1]
vs. COMMONWEALTH & others.[2]

Essex. February 11, 1985. — April 8, 1985.

Present: BROWN, CUTTER, & SMITH, JJ.

*Limitations, Statute of. Practice, Civil,* Motion to dismiss, Pendent claim.

The judge who allowed a motion to dismiss a civil action on the ground that
   the plaintiffs' claims were barred by the applicable statutes of limitation
   was warranted in acting on the pleadings and affidavits before him and,
   inasmuch as the plaintiffs failed to raise properly the existence and
   dismissal of a Federal court action between the same parties, the judge
   had no occasion for considering the possible applicability of G. L.
   c. 260, § 32, to extend the statute of limitations as to pendent State
   claims. [619-620]

CIVIL ACTION commenced in the Superior Court Department
on December 20, 1983.

Motions to dismiss were heard by *Robert J. Hallisey,* J.

*Philip D. Moran (George R. Suslak* with him) for the plain-
tiffs.

*Richard R. Eurich (Mark DeFossez* with him) for Joan Bern-
heimer.

*Claudia McKelway,* for Union Hospital, was present but did
not argue.

*Christopher H. Worthington,* Assistant Attorney General,
for Department of Public Welfare.

CUTTER, J. Granahan, as administrator of the estate of Sheila
Granahan (Sheila) and individually (as Sheila's father), and
Elaine Granahan and Shawn Granahan, mother and brother of

---

[1] Elaine Granahan and Shawn Granahan.

[2] The Department of Public Welfare, Union Hospital (a Lynn institution),
and Dr. Joan Bernheimer, a registered psychologist.

Sheila, filed the present complaint (the State complaint) in the Superior Court on December 20, 1983. It alleged that on March 2, 1979, Sheila was shot and killed in her apartment, following a long series of alleged distressing episodes described in the complaint. These, so the State complaint asserts, should have caused the defendants to know that Sheila was in particular need of actions and services required to be performed or afforded to her by each of them. The State complaint further alleged failure on the part of each defendant to provide Sheila with suitable care and attention. There is no reference by pleading or affidavit with respect to the State complaint to a prior action (the Federal action), brought in the United States District Court for the District of Massachusetts (C.A. 82-0536-T), and dismissed on September 12, 1983, by a memorandum and order of a district judge.[3]

The Commonwealth (and defendants connected with the Commonwealth) filed a motion to dismiss the State complaint (see Mass.R.Civ.P. 12[b][6], 365 Mass. 755 [1974]), on the ground, among others, that the causes of action were each barred by the applicable statutes of limitation (see G. L. c. 229, § 2; c. 260, § 2A and § 4). Union Hospital and Dr.

---

[3] The United States district judge ordered dismissal against the Commonwealth and its officers in the light of *Irwin* v. *Commissioner of the Dept. of Youth Services*, 388 Mass. 810, 821 (1983). In that case, the Supreme Judicial Court advised the United States District Court (on a certified question) that the revision of G. L. c. 258, by St. 1978, c. 512, § 15, did not constitute a waiver by the Commonwealth of its privilege, under the Eleventh Amendment to the Constitution of the United States, not to be sued in Federal courts. Dismissal of all Federal claims against the other two defendants also was ordered in the Federal action related to ours and the judge stated that his rulings "dispose[d] of all the [F]ederal claims in . . . [the] complaint" on the ground that there was no private right of action under the Community Mental Health Centers Act, 42 U.S.C. § 2687 et seq. (1982), and because mere receipt of Federal funds by a private charitable corporation did not operate "to transform private action into [S]tate action." See *Bello* v. *South Shore Hosp.*, 384 Mass. 770, 775-777 (1981); *Rendell-Baker* v. *Kohn*, 641 F.2d 14, 21-28 (1st Cir. 1981) aff'd, 457 U.S. 830, 837-843 (1982). The judge, as matter of discretion, proceeded "to dismiss the pend[e]nt [S]tate claims as well," without any consideration of hearing the claims himself. It does not appear that he was asked to do so. This record shows no appeal from his action.

Bernheimer filed a motion to dismiss the State complaint asserting, see *White* v. *Peabody Constr. Co.*, 386 Mass. 121, 123-124 (1982), not only that certain claims against them were barred by the applicable statute of limitations, but also averring (as to all but one count possibly applicable to them) the failure of the plaintiffs to state a cause of action. The State complaint was not filed until December 20, 1983, more than three years after Sheila's death. A judge of the Superior Court allowed each motion to dismiss on the ground that there was "[n]o way [that the] plaintiff[s] . . . [could] avoid [the statute of] limitations." Judgments were entered dismissing the State complaint. The plaintiffs have appealed, but have not argued that the issue of the statute of limitations was inadequately raised by any defendant in the Superior Court. See Mass.R.Civ.P. 8(c), 9(f), 12(b)(6), 365 Mass. 750, 751, 755 (1974), and Reporters' Notes to Mass.R.Civ.P. 9(f), Mass. Ann. Laws, Rules of Civil Procedure, at 211 (1982).

The plaintiffs base their appeal on the provisions of G. L. c. 260, § 32, which (as appearing in St. 1973, c. 1114, § 340) reads in part, "If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an *unavoidable accident* . . . or *for any matter of form* . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other determination of the original action . . . and if the cause of action by law survives the executor or administrator or the heir or devisee of the plaintiff may commence such new action within said year." (Emphasis supplied.)

The failure of the plaintiffs to assert by pleading or affidavit in the State action *any* facts with respect to the filing of the Federal action and its dismissal, in and of itself amounted to a failure to set forth the circumstances which might give rise to an application of § 32, *if* the dismissal of the Federal action could be held to be merely a "matter of form." Even if the existence of the Federal action and its dismissal could have been raised by amendment of the pleadings with respect to the State complaint, or by affidavit, no amendment has been sought

and no affidavit has been filed, so far as this record shows. See Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974). The motion judge was justified in acting upon the pleadings and any affidavits as they stood when he decided the motions to dismiss.[4] See and compare *Stop & Shop Cos.* v. *Fisher*, 387 Mass. 889, 892 (1983), and authorities there cited. This, we hold, is the case even though the existence and dismissal of the Federal action appear[5] to have been brought to the motion judge's attention informally[6] at the hearing on the motions to dismiss.

*Judgment affirmed.*

---

[4] We perceive no necessity on the present state of the record to deal with questions concerning the discretionary dismissal of pendent State claims considered by a Federal court, after the primary Federal claims have been dismissed. See Hart & Wechsler, The Federal Courts and the Federal System 921-926, Note on Pendent Jurisdiction, especially at 925 (2d ed. & supp. 1981). See also Wright, Federal Courts §§ 18, 19 (4th ed. 1983); American Law Institute, Study of the Division of Jurisdiction between State and Federal Courts § 1313(c), at 29 and comments at 213 (1969).

[5] The plaintiffs have not included in their record appendix all the facts with respect to the Federal action and have not shown precisely what causes of action were asserted in that action other than by the United States district judge's memorandum and order. Indeed, whether that decision adequately was presented to the motion judge, or is properly a part of the record before this court, may be open to question. The plaintiffs have attempted to establish that they are entitled to rely on c. 260, § 32, primarily by arguments in their brief rather than from pleadings, affidavits, or other documents presented to the motion judge for his consideration in some proper manner. See *Currens* v. *Assessors of Boston*, 370 Mass. 249, 253-254 (1976).

[6] Whether c. 260, § 32, is applicable to dismissal of Federal pendent claims is not free from doubt. Cases which might lead to application of § 32 to such a dismissal are *Coffin* v. *Cottle*, 16 Pick. 383, 385-386 (1935); *Woods* v. *Houghton*, 1 Gray, 580, 583 (1854); *Allen* v. *Sawtelle*, 7 Gray, 165, 166 (1856); *Duff* v. *Zonis*, 327 Mass. 347, 350-353 (1951). See *Caldwell* v. *Harding*, 1 Lowell, 326 (U.S. C.C. Mass. 1869). Cases which may suggest a different result are *Jordan* v. *County Commrs. of Bristol*, 268 Mass. 329, 332-333 (1929), and *Gifford* v. *Spehr*, 358 Mass. 658, 663 (1971). In the light of this uncertainty some legislative revision of § 32 might be of assistance.