CHARLES WHITE & another[1] *vs*. METROPOLITAN DISTRICT
COMMISSION.

Middlesex. October 15, 1985. — November 18, 1985.

Present: WARNER, KAPLAN, & FINE, JJ.

*Massachusetts Tort Claims Act. Notice. Practice, Civil,* Presentment of
claim under Massachusetts Tort Claims Act.

In an action against the Metropolitan District Commission (MDC) seeking
damages for personal injuries sustained in a motorcycle accident, the
MDC was barred from raising the issue of the plaintiffs' failure to present
their claims within two years of the accident, as required by the Massa-
chusetts Tort Claims Act, G. L. c. 258, where, during that two-year
period, the plaintiffs were lulled into believing that proper presentment
was not going to be an issue in the case by a judge's implicit acceptance
of their argument in denying the MDC's motion to dismiss the suit as
premature under c. 258, that their complaint was proper, not under
c. 258, but under c. 92, § 36, and where the MDC, having received
some timely notification of the claims and conducted an investigation
of the accident, was not prejudiced by the plaintiffs' failure to comply
with the presentment requirement. [109-110]

CIVIL ACTION commenced in the Superior Court Department
on December 5, 1978.

The case was heard by *Robert A. Mulligan, J.,* on a motion
for summary judgment.

*Paul N. Golub* for the plaintiffs.

*Francis G. Chase,* Assistant Attorney General, for the de-
fendant.

FINE, J. Summary judgment entered for the defendant, the
Metropolitan District Commission (MDC), because of the
plaintiffs' failure to make adequate presentment of their per-

---

[1] James Hardy.

sonal injury claims under G. L. c. 258, § 4. Although timely written notice of the claims was made to an official of the MDC, and the MDC conducted an investigation of the accident giving rise to the claims, the required presentment under G. L. c. 258, § 4, to the Secretary of the Executive Office of Environmental Affairs was not made. The unusual factual situation in this case is not likely to repeat itself in other cases. Following what we understand to be the reasoning in *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. 51 (1982), and attempting to strike a balance between fairness to the claimants, on the one hand, and the need to provide an effective mechanism for protecting the government against invalid claims, on the other hand, we reverse.

The pertinent uncontested facts insofar as the MDC is concerned[2] are as follows: The plaintiffs filed a complaint against the MDC on December 5, 1978, alleging that on October 22, 1978, each of the plaintiffs suffered personal injuries in a motorcycle accident on Revere Beach Parkway in Everett. Without citing any specific statutory authority, they claimed that the MDC is liable because it negligently permitted the public way to be kept in an unsafe and dangerous condition and that it failed to warn travellers of that condition. The complaint alleged that each of the plaintiffs "gave due notice of the time, place and cause of the injury to the defendant [MDC]." The complaint was served on the MDC on December 19, 1978. No answer, and no stipulation or request for an enlargement of time to file an answer, has ever been filed in the case by the MDC. On January 3, 1979, the MDC filed a motion to dismiss the complaint, stating as the grounds that the action was "prematurely brought," the plaintiffs "having failed to comply with" G. L. c. 258. After a hearing on the motion, it was denied on May 11, 1979. There followed discovery by all parties. The plaintiffs propounded interrogatories to the MDC, among which was a question about the plaintiffs'

---

[2] The complaint also alleged negligence on the part of the city of Everett. Summary judgment also entered in favor of Everett, but that aspect of the case is not a subject of the appeal.

notice to the MDC of the claims. The MDC answered on March 6, 1979, that, other than the accident report, no notice was received. The plaintiffs then filed a notice to admit facts, attaching copies of letters allegedly sent by the plaintiffs' attorney on November 10, 1978, notifying the MDC of the claim and indicating the place and alleged cause of the accident. The MDC filed an equivocal response on April 19, 1979, which was ordered expunged on the plaintiffs' motion. No further response to the notice to admit facts was made.

On October 15, 1984, the MDC filed a motion for summary judgment. The motion was based upon the failure of the plaintiffs to present their claim within two years of the accident to the appropriate official in accordance with G. L. c. 258, § 4. Ruling that notice had not been given to the appropriate official and that the MDC had taken no action "which lulled the plaintiffs into believing that it was waiving presentment," the judge allowed the MDC's motion for summary judgment. A motion to alter and amend the memorandum of decision and the judgment was later denied.

Proper presentment of a claim under G. L. c. 258, § 4, is a condition precedent to recovery under the statute. *Weaver* v. *Commonwealth,* 387 Mass. 43, 45-48 (1982). *Holahan* v. *Medford,* 394 Mass. 186 (1985). Concededly, the specific requirements of that section were not met. A public employer may be barred from raising the issue of proper presentment, however, if the circumstances are such that the public employer has not been prejudiced by a plaintiff's failure to comply with the presentment requirement and that during the two years following the accident the plaintiff was lulled into believing that proper presentment was not going to be an issue in the case. *Vasys* v. *Metropolitan Dist. Commn.,* 387 Mass. at 56-57. See also *Moran* v. *Mashpee,* 17 Mass. App. Ct. 679 (1984). Such a situation would arise, according to *Vasys, supra* at 56, if a plaintiff avers proper presentment in his complaint and the public employer, within the critical two-year period following the accident, files an answer which fails to deny that averment specifically and with particularity.

In the present case, the plaintiffs alleged in their complaint that they gave notice. No answer was ever filed. Absent an enlargement of time to answer from the court or a stipulation of enlargement, the MDC was under a duty to file an answer no later than ten days after the denial of its motion to dismiss. Mass.R.Civ.P. 6(b) and 12(a), 365 Mass. 747 and 754 (1974). We do not think, however, that the mere failure of the MDC to file an answer within the critical two-year period was, by itself, a sufficient basis for barring it from raising the presentment issue. That failure was not an affirmative action lulling the plaintiffs into believing that presentment would not be an issue. Moreover, the discovery obtained from the MDC during the two-year period, while equivocal, ought to have caused the plaintiffs some concern as to the adequacy of their presentment.

The particular circumstances of this case which, in our view, justify an exception to the strict construction of the presentment requirement concern the adjudication of the motion to dismiss. The stated basis for the motion filed by the MDC was that the suit was premature under G. L. c. 258. Clearly, if c. 258 applied, the suit was premature because, under § 4, suit may not be filed until the executive officer to whom a claim is presented has had six months to settle, arbitrate, compromise or deny the claim. The complaint in the instant case was filed just two months after the accident. The plaintiffs took the position with respect to the motion to dismiss that their complaint was proper, not under c. 258, but under G. L. c. 92, § 36 (liability of the MDC for defects in public ways). The judge implicitly accepted the plaintiffs' argument when he denied the motion to dismiss. It was not until 1984, long after the expiration of the two-year period during which the plaintiffs could have cured the inadequacy of their presentment, that this court, in *Rogers* v. *Metropolitan Dist. Commn.,* 18 Mass. App. Ct. 337 (1984), removed the uncertainty as to which of the two statutes was applicable during the period in question here. In that case we held that during the period subsequent to the enactment of St. 1978, c. 512, § 18, and prior to the enactment of St. 1983, c. 392, it was G. L. c. 258, and not G. L. c. 92, § 36, which governed claims against the MDC

for defective conditions of a public way. Thus, during the critical two-year period, the plaintiffs in the present case were lulled into believing that proper presentment of their claim under G. L. c. 258, § 4, would not be an issue in the case. True, it was not the MDC which caused the plaintiffs to be misled. The MDC's motion to dismiss, in fact, gave the plaintiffs reason to question the adequacy of their presentment. The plaintiffs' reliance on the correctness of the judge's ruling on the motion to dismiss, however, must in this instance be regarded as reasonable.

That the MDC had received some timely notification of the claim and conducted an investigation of the accident is deemed admitted. Mass.R.Civ.P. 36(a), 365 Mass. 795 (1974). The defective presentment, therefore, caused no actual prejudice.

Accordingly, the summary judgment is vacated and the case shall stand for trial.

*Judgment reversed.*