STEPHEN J. KRASNOW, administrator,[1] *vs.* PRUDENCE
ALLEN & another.[2]

No. 89-P-723.

Norfolk. September 10, 1990. - November 29, 1990.

Present: PERRETTA, DREBEN, & FINE, JJ.

*Limitations, Statute of. Massachusetts Tort Claims Act. Practice, Civil*,
    Presentment of claim under Massachusetts Tort Claims Act. *Notice*,
    Claim under Massachusetts Tort Claims Act. *Medical Malpractice*,
    Public employer. *Negligence*, Medical malpractice.

Where a United States District Court dismissed a civil action "without
    prejudice" because the plaintiff failed to obtain service of process on
    the defendant within the 120 days allowed by Federal rule, and it did
    not appear that the plaintiff's delay of more than eight months had any
    cause other than lack of diligence, the saving provisions of G. L. c. 260,
    § 32, were not applicable to permit the plaintiff to commence a new
    action in the Superior Court after expiration of the applicable three-
    year period of limitations. [564-566]
With respect to a claim against the Commonwealth arising out of alleged
    negligence of a doctor whose status as a public employee was not
    known to the plaintiff until after the expiration of the two-year period
    for presentation of his claim allowed by § 4 of G. L. c. 258, the Massa-
    chusetts Tort Claims Act, this court concluded that the two-year period
    began to run when the plaintiff acquired knowledge of the harm and of
    the doctor's likely causal involvement, which should have stimulated in-
    quiry into the facts of the doctor's employment status, and therefore
    that a judge of the Superior Court properly dismissed the claim for
    failure to comply with the presentment requirement. [566-570]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 19, 1983.

The case was heard by *Roger J. Donahue*, J., on a motion
for summary judgment.

*Elizabeth N. Mulvey* for the plaintiff.

[1] Of the estate of Janet Krasnow.

[2] The Commonwealth.

*William F. Green,* Assistant Attorney General, for the Commonwealth.

*James H. Anderson* for Prudence Allen.

FINE, J. Janet Krasnow sought outpatient psychiatric treatment at the Newton-Wellesley Hospital. She was assigned to the defendant, Dr. Prudence Allen. Dr. Allen had an office in the hospital, and her patients were billed by the hospital for her services. Her salary and benefits, however, were paid by the Department of Mental Health. On October 11, 1979, after seeing Dr. Allen regularly at the hospital for nine months, Krasnow telephoned the doctor and informed her that she had just taken an overdose of her anti-depressant medication. Dr. Allen responded by telephoning a rescue squad but allegedly gave them an outdated address, resulting in some delay while the police and emergency medical technicians obtained the correct address from voter records in City Hall. Krasnow died the next day. The plaintiff, Krasnow's husband and the administrator of her estate, brought this action against Dr. Allen alleging that her negligence was the cause of his wife's death. The Commonwealth was later added as a defendant after Dr. Allen claimed immunity from liability as a public employee.

The plaintiff appeals from the allowance of summary judgment in favor of both defendants on all the claims. A Superior Court judge ruled that Dr. Allen was a public employee at the time of the alleged negligence and therefore immune from suit, that the statute of limitations had expired, and that the plaintiff had failed to meet the presentment requirement of G. L. c. 258, governing claims against the Commonwealth. We agree with Dr. Allen that any claim against her is barred by the statute of limitations. And we agree with the Commonwealth that the plaintiff failed to comply with the presentment requirement. We, therefore, affirm.

A description of the procedural course of the litigation is necessary as background for the discussion of the appellate issues. The plaintiff initially filed suit against Dr. Allen in the United States District Court for the District of Massachusetts in October, 1982, a few days before the third anni-

versary of Krasnow's death. Dr. Allen was served by mail on June 29, 1983. On September 9, 1983, the Federal case was dismissed "without prejudice" because service on the defendant had not been made, as required by Fed.R.Civ.P. 4(j), within 120 days of February 26, 1983, the effective date of an amendment to that rule. Ten days later, on September 19, 1983, the plaintiff filed the instant suit against Dr. Allen in the Superior Court.[3]

On July 26, 1984, Dr. Allen filed a motion for summary judgment, alleging, for the first time, immunity from liability as a public employee under G. L. c. 258, § 2. The motion was initially denied on January 14, 1985, and on that same day the plaintiff's complaint was amended to add the Commonwealth as a defendant. In September of 1984, the plaintiff had presented the claim for the first time to the Secretary of Human Services. See G. L. c. 258, § 4.

1. *The claim against Dr. Allen.* We assume that the judge erred in ruling that Dr. Allen's status as a public employee under G. L. c. 258, § 1, was not a triable issue. See *Kelley* v. *Rossi*, 395 Mass. 659, 664-665 (1985). Contrast *Smith* v. *Steinberg*, 395 Mass. 666, 669 (1985); *Florio* v. *Kennedy*, 18 Mass. App. Ct. 917 (1984). "Indeed, on the record presented on summary judgment, a finding of direction and control over the doctor as a 'public employee' by a 'public employer' may well not be warranted, but that issue is not presented . . . (and the plaintiff makes no such argument)." *Smith* v. *Steinberg*, 395 Mass. at 669.[4] We must decide, therefore, whether the claim against Dr. Allen was time-barred.

The parties agree that the cause of action against Dr. Allen accrued no later than the date of Krasnow's death, October 12, 1979, that the applicable statute of limitations is three years (G. L. c. 260, § 4), that the present suit was not brought until September of 1983, and that the claim was

---

[3]A medical malpractice tribunal found in favor of Dr. Allen on February 28, 1984. The bond requirement was reduced to $25, and the bond was posted on March 22, 1984. Nothing turns on whether the case was properly classified as one involving medical malpractice.

[4]In his appellate brief, the plaintiff states, "the inference of public employment may not be justified at all."

timely only if "saved" from the running of the statute of limitations by G. L. c. 260, § 32, as appearing in St. 1973, c. 1114, § 340. That statute provides in part:

> "If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal . . . ."

The Federal District Court action against Dr. Allen was timely filed. If the dismissal of that case "without prejudice" falls within the umbrella provided by the savings statute,[5] the present action would be timely.[6]

The Federal court case was dismissed because the plaintiff failed to serve Dr. Allen within the period allowed or to show good cause for such failure. In fact, Dr. Allen was not served until more than eight months after the complaint was filed. The plaintiff contends that the dismissal was for a "matter of form" and that it is therefore covered by the catchall clause in § 32. There are two reasons why we do not accept that contention.

First, the savings statute deals explicitly with dismissal for insufficient service of process. Two acceptable reasons for such insufficiency are enumerated: "unavoidable accident"

---

[5]We assume, without deciding, that G. L. c. 260, § 32, is applicable to claims filed in Federal court. See *Granahan* v. *Commonwealth*, 19 Mass. App. Ct. 617, 620 n.6 (1985).

[6]All of those Federal cases on point suggest either by holding or dicta that the plaintiff would have been barred by the statute of limitations from refiling in Federal court, notwithstanding the dismissal "without prejudice." See *United States ex rel. DeLoss* v. *Kenner Gen. Contractors*, 764 F.2d 707, 711 n.5 (9th Cir. 1985) ("Congress recognized the possibility that dismissal [pursuant to rule 4 (j)] after the expiration of a statute of limitations could bar a plaintiff from bringing an action [citations omitted]"); *Redding* v. *Essex Crane Rental Corp.*, 752 F.2d 1077, 1078 (5th Cir. 1985); *Burks* v. *Griffith*, 100 F.R.D. 491, 493 (N.D.N.Y.. 1984); *Quann* v. *Whitegate-Edgewater*, 112 F.R.D. 649, 663 (D.Md. 1986).

and "default or neglect" of the process server. This specificity suggests that the statute was intended to be applicable to dismissal for insufficient service of process only if attributable to one of the two specified reasons. At the very least, the language suggests that the action would be saved only if there is *some* acceptable reason for the insufficiency of service of process. There is nothing in the present record to suggest that the plaintiff's eight-month delay in effecting service was due to anything but lack of diligence.

Second, even if we were to consider the applicability of the catchall phrase in the statute to the facts of the case, we would rule the claim untimely. Failure to provide a defendant with any notice within the applicable limitations period that a claim is being made against him in court has been regarded, for these purposes, as a matter of substance rather than form. See *Gifford* v. *Spehr*, 358 Mass. 658, 663-664 (1971). Compare *Loomer* v. *Dionne*, 338 Mass. 348, 351-352 (1959).

2. *The claim against the Commonwealth.* General Laws c. 258, § 4, as appearing in St. 1978, c. 512, § 15, requires presentment of a tort claim against the Commonwealth "within two years after the date upon which the cause of action arose." Krasnow died in October of 1979, and the plaintiff had reason to know at that time that the death might have been caused by negligence. The claim was first presented to the Secretary of Human Services in September of 1984, almost five years after Krasnow's death. The plaintiff first learned that Dr. Allen might be a public employee, however, when Dr. Allen's motion for summary judgment was filed on July 26, 1984, and we assume that the plaintiff had no reasonable cause for suspicion about Dr. Allen's employment status before that date. Presentment was made less than two months after the plaintiff's discovery of Dr. Allen's possible status as a Commonwealth employee.

The presentment requirement has been applied strictly in Massachusetts. See *Weaver* v. *Commonwealth*, 387 Mass. 43, 47-48 (1982); *Holahan* v. *Medford*, 394 Mass. 186, 188-190 (1985); *Johnson* v. *Trustees of Health & Hosps. of Bos-*

*ton*, 23 Mass. App. Ct. 933, 935-936 (1986); and *Wightman v. Methuen*, 26 Mass. App. Ct. 279, 281-282 (1988), as to the form and recipient of the notice; and *Weaver* v. *Commonwealth*, 387 Mass. at 50; *George* v. *Saugus*, 394 Mass. 40, 42 (1985); *Fearon* v. *Commonwealth*, 394 Mass. 50, 52 (1985); and *Heck* v. *Commonwealth*, 397 Mass. 336, 339 (1986), as to the inapplicability of the tolling provisions of G. L. c. 260.[7] Underlying that strict, and often harsh, interpretation of the presentment requirement is a recognition of the need for public bodies to make prompt investigations in the interest of disproving fraudulent claims and settling meritorious ones out of court, and the desirability of enabling them to take preventive steps to avoid future claims.

The discovery rule, however, is applicable to the presentment requirement. See *Dinsky* v. *Framingham*, 386 Mass. 801, 803 (1982); *Heck* v. *Commonwealth*, 397 Mass. at 340. The question we must decide, therefore, is whether, applying the discovery rule, the plaintiff's cause of action against the Commonwealth "accrued" on the date of Krasnow's death, as the Commonwealth contends, or on the date the plaintiff first discovered that Dr. Allen might be a public employee, as the plaintiff contends. The plaintiff argues that unless we rule that his cause of action did not arise against the Commonwealth until he had reason to know that Dr. Allen might be a Commonwealth employee, he would be caused to suffer the "manifest injustice [of being punished for his] 'blameless ignorance.' " *Franklin* v. *Albert*, 381 Mass. 611, 618 (1980), citing *Urie* v. *Thompson*, 337 U.S. 163, 169-170 (1949).

To our knowledge, no published opinion in Massachusetts has addressed the question whether a cause of action may accrue, for presentment purposes, before a claimant is on no-

---

[7]Exceptions to the strict application of the presentment requirement have been made only in those unusual cases in which, by conduct in the course of litigation, a public employer, at a time when presentment could still have been made, lulled a plaintiff into believing that proper presentment would not be an issue in the case. See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 57 (1982); *Moran* v. *Mashpee*, 17 Mass. App. Ct. 679, 681 (1984); *White* v. *Metropolitan Dist. Commn.*, 21 Mass. App. Ct. 106, 109-110 (1985). There was no such lulling of the plaintiff in this case.

tice that the alleged tortfeasor is a public employee. There-
fore, we look for assistance in interpreting our statute to de-
cisions of Federal courts interpreting the cognate provision in
the Federal Tort Claims Act, 28 U.S.C. § 2401 (b) (1982).
Federal decisions tend to support the position of the Com-
monwealth, not the plaintiff.[8] See *Gould* v. *United States
Dept. of Health & Human Servs.*, 905 F.2d 738, 741-747
(4th Cir. 1990). See also *Wollman* v. *Gross*, 637 F.2d 544,
548-550 (8th Cir. 1980); *Wilkinson* v. *United States*, 677
F.2d 998, 1002 (4th Cir.), cert. denied, 459 U.S. 906 (1982).
Compare *Kelley* v. *United States*, 568 F.2d 259, 262 (2d Cir.
1978).

Based upon the guidance provided by the Federal authori-
ties as well as our understanding of the limits of the discov-
ery rule in Massachusetts, we decline to adopt the plaintiff's
reasoning. The discovery rule was first applied in cases of al-
leged professional malpractice as a matter of fairness so that
plaintiffs would not be barred from recovering damages
based upon harm which was "inherently unknowable" at the
time of the tortious conduct. *Hendrickson* v. *Sears*, 365
Mass. 83, 90 (1974). In the first medical malpractice case in
which the rule was applied, the plaintiff alleged that negli-
gence in failing to inform him of an abnormal X-ray finding
was not discovered until new symptoms appeared four and
one-half years later. The court declared that a cause of ac-
tion for medical malpractice will "accrue when the plaintiff
learns, or reasonably should have learned, that he has been
harmed by the defendant's conduct." *Franklin* v. *Albert*, 381
Mass. at 619.

The clock begins to tick on a medical malpractice claim
once harm has occurred and the plaintiff is on notice of the
likely cause. "Massachusetts does not require discovery of

---

[8]The time limitation in the Federal statute is a "jurisdictional prerequi-
site." See *Gould* v. *United States Dept. of Health & Human Servs.*, 905
F.2d 738, 741 (4th Cir. 1990). The presentment requirement in the Mas-
sachusetts statute is a condition precedent to bringing suit but is not "ju-
risdictional." See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 57
(1982). We do not think the distinction is significant for purposes of deter-
mining when a cause of action accrues.

each of the elements of the cause of action — duty, breach, causation, and damages before the limitation clock . . . starts ticking." *Malapanis* v. *Shirazi,* 21 Mass. App. Ct. 378, 382 (1986). See *Bowen* v. *Eli Lilly & Co.,* 408 Mass. 204, 207 (1990); *Fidler* v. *Eastman Kodak Co,* 714 F.2d 192, 199 (1st Cir. 1983). In that respect, the discovery rule may be somewhat more narrow in Massachusetts than in many other States where a cause of action accrues only when a plaintiff has notice of all the elements of a cause of action. See, e.g., *Anderson* v. *Shook,* 333 N.W.2d 708, 712 (N.D. 1983); *Hoffman* v. *Rockey,* 55 Or. App. 658, 663 (1982); *Jacoby* v. *Kaiser Foundation Hosp.,* 1 Haw. App. 519, 525 (1981).

Our courts have not had occasion to rule on the more general question, related to the precise issue in the present case, whether application of the discovery rule delays accrual of a cause of action until the plaintiff knows or should know the identity of the particular defendant claimed to be responsible for the harm. In contending that that question *has* been answered in Massachusetts, the plaintiff attributes undue significance to the reference to "the defendant's conduct" in the formulation of the discovery rule in *Franklin* v. *Albert,* 381 Mass. at 619. However, the issue of late notice of a particular defendant's connection to the harm was not involved in that case. Other jurisdictions which have wrestled with the issue are split. Compare *Shortess* v. *Touro Infirmary,* 520 So. 2d 389, 392 (La. 1988), *Meyers* v. *Larreategui,* 31 Ohio App. 3d 161, 162 (1986), *Orear* v. *International Paint Co.,* 59 Wash. App. 249 (1990), and *Spitler* v. *Dean,* 148 Wis. 2d 630, 636 (1989), with *Guebard* v. *Jabaay,* 65 Ill. App. 3d 255, 258-259 (1978), and *Smith* v. *Sinai Hosp.,* 152 Mich. App. 716, 726 (1986).

Determining how far to extend the discovery rule requires a balancing between competing policies: the policy of fairness to claimants who may have incomplete knowledge of the facts giving rise to their claim, which underlies the discovery rule; and the policies of repose and fairness to defendants, who may be disadvantaged by delay in defending themselves,

which underlie time limitations on litigation. That balance seems to have been struck in Massachusetts in favor of a somewhat more limited discovery rule than exists in many other jurisdictions. In light of that reality, as well as the Federal guidance, we decline to extend the rule to the facts of this case. The plaintiff knew of the harm and of Dr. Allen's likely causal involvement in October of 1979. From then on the claim against Dr. Allen's public employer, assuming Dr. Allen could be found to be a Commonwealth employee, was not inherently unknowable. The plaintiff's knowledge was sufficient to stimulate further inquiry on his part about the claim, including inquiry into the facts about Dr. Allen's employment status, and, thus, to start the running of the clock. Compare *Malapanis* v. *Shirazi*, 21 Mass. App. Ct. at 384.

It would be different if there had been some conscious attempt by the Commonwealth to conceal Dr. Allen's employment status, or some failure promptly to disclose that status once the claim was made. However, as a result of years of inaction on the plaintiff's part and then the dilatory service of process, neither Dr. Allen nor the Commonwealth was made aware of the claim until more than three years and eight months after Krasnow's death, long after the period for presentment of the claim had expired.

*Judgment affirmed.*