Lauriat, J.
The plaintiffs, Luz I. Arroyo and Norma Villegas, brought this action against the Commonwealth of Massachusetts (“the Commonwealth”) pursuant to the Massachusetts Tort Claims Act, G.L.c. 258, §1 et seq., to recover damages for injuries that they allegedly sustained on June 11, 1993, when their motor vehicle was struck on Washington Street in Boston, Massachusetts, by a vehicle owned by the Commonwealth and assigned to the Department of Transitional Assistance.
The Commonwealth has now moved for summary judgment on the ground that the plaintiffs failed to comply with the presentment requirements of G.L.c. 258, §4. For the following reasons, the Commonwealth’s motion is denied.
BACKGROUND
The plaintiffs sustained their injuries as a result of the motor vehicle accident on June 11, 1993. On July 2, 1993, the plaintiffs’ attorney wrote a letter to “The Commonwealth of Massachusetts Office Administration Finance” detailing the accident and making a claim for their personal injuries, and advising the Commonwealth that the operator of its motor vehicle *37 had left the scene of the accident without presenting any identification. Enclosed with his presentment letter were copies of the operator’s report and police report concerning the accident. The Commonwealth did not respond to this letter.
On December 6, 1993, the plaintiffs’ attorney sent a second letter to the Commonwealth which repeated the content of his July 3, 1993 letter. On February 14, 1994, a representative of the Executive Office of Administration and Finance advised the plaintiffs’ attorney by letter that
From the facts alleged in the letter, it appears that the state automobile involved in the accident with your clients is assigned to the Massachusetts Highway Department, an agency of the Executive Office of Transportation & Construction. Therefore, pursuant to the provisions of Sections 1 and 4 of Chapter 258 of the Massachusetts General Laws, the claim must be presented not to this office but to . . . James Kerasiotes, Secretary, Executive Office of Transportation & Construction ... or to the Department of the Attorney General.
On March 11, 1994, the plaintiffs’ attorney sent a letter to the Executive Office of Transportation & Construction (“EOTC”), advising it of the details of the motor vehicle accident and making a claim for the personal injuries sustained by his clients. On March 18, 1994, the General Counsel of the EOTC advised the plaintiffs’ attorney by letter that his letter had been forwarded to the Massachusetts Highway Department for review. He requested that supporting information be forwarded to his office to assist the EOTC in its investigation of the claim, and advised the plaintiffs’ attorney that the EOTC would advise him of the status of his claim not later than September 15, 1994, after the “six-month period during which the claim is investigated and the Secretary’s determination is made.” The plaintiffs’ attorney sent the requested supporting materials to the EOTC on March 24, 1994.
On August 26, 1994, the General Counsel of the EOTC advised the plaintiffs’ attorney by letter that
Our investigation of your claim presented on March 15, 1994 on behalf of Luz I. Arroyo and Norma Villegas has been completed. We have determined that the Commonwealth is not liable for damages in this matter under the provisions of Chapter 258. Your claim must therefore be denied.
This action was filed against the Commonwealth on March 4, 1996.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp. 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In ruling on a motion for summary judgment, the court must not consider the “credibility of the witnesses or the weight of the evidence, nor should the [court] make findings of fact.” Riley v. Presnell, 409 Mass. 239, 244 (1991), citing Attorney General v. Bailey, 386 Mass. 367, 370 (1982). However, “the movant is held to a stringent standard .. . [A]ny doubt as to the existence of a genuine issue of material fact will be resolved against the movant.” 10A C. Wright, A.R. Miller & M. Kane, Federal Practice and Procedure, §2727, at 125-25 (1983) (construing Fed. R. Civ. P. 56).
The Commonwealth contends that summary judgment is mandated by G.L.c. 258, §4, which provides:
A civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
The presentment requirement is a statutory condition precedent to recovery under G.L.c. 258. Vasys v. Metropolitan District Commission, 387 Mass. 51, 55 (1982). The requirement is ordinarily strictly applied. Weaver v. Commonwealth, 387 Mass. 43, 45-49 (1982); Krasnow v. Allen, 29 Mass.App.Ct. 562, 566-567 (1990). However, the “unusual circumstances” of a case may raise a factual issue as to whether a defendant may properly raise defective presentment as a defense. Moran v. Mashpee, 17 Mass.App.Ct. 679, 681 (1984). Considerations of fairness may also dictate that a defendant is barred, as a matter of law, from raising a presentment defense. Vasys, 387 Mass. at 57. This is particularly true where a defendant’s actions “lulled a plaintiff into believing that proper presentment would not be an issue in the case.” Krasnow, 29 Mass.App.Ct. at 567, n. 7. Where a defendant knew *38 or should have known that a plaintiff made a defective presentment, but did not inform the plaintiff, the defendant should hot be able to raise this defense. G & B Associates v. Springfield, 39 Mass.App.Ct. 51, 555 (1995).
The present case is one where “unusual circumstances” preclude the Commonwealth, as a matter of law, from raising a presentment defense. Arroyo’s counsel diligently worked to meet the presentment requirement, and was prevented from doing so only by the repeated failure of the Commonwealth to inform him of the agency that was in fact responsible for the vehicle that struck Arroyo and Villegas. The first attempt at presentment was made just weeks after the alleged incident occurred. The failure of the Executive Office of Administration and Finance to respond led the plaintiffs to believe that they had satisfied the presentment requirement. Similarly, after the plaintiffs, as directed, forwarded their claim to the EOTC, they were not informed that the EOTC was not the proper agency. The plaintiffs again had no reason to believe that they had not satisfied the presentment requirement, especially since they were informed that the claim was then being investigated. Compare Krasnow, 29 Mass.App.Ct. at 570. See Vasys, 387 Mass. at 51 (where a defendant fails to deny averment that presentment requirement has been met, defendant is barred from raising issue at later date).
A major purpose of G.L.c. 258, §4 is to provide a mechanism which will require payment of only valid claims by the government. Id. at 57. The statute was not enacted, however, to allow agencies to engage in the kind of shell-game, unintentional though it may have been, that occurred here. Fairness dictates that the Commonwealth’s motion be denied. Id.
ORDER
For the foregoing reasons, Motion for Summary Judgment of Defendant Commonwealth of Massachusetts is DENIED.