Locke, J.
The matters presented for decision by this court are motions by defendant Michael Gervais and Commerce Insurance Company to dismiss the plaintiff’s complaint; and defendant City of Worcester’s motion for summary judgment. The motions, although filed and argued separately, rely on the same underlying facts, and were consolidated for decision by the court. For the reasons set forth below, the defendant Gervais and Commerce Insurance Company’s motion to dismiss will he ALLOWED, and the defendant City of Worcester’s motion for summary judgment similarly will he ALLOWED.

BACKGROUND

The facts pertinent to the motions before the court are largely undisputed. On May 7, 1999, the plaintiff, Linh Nguyen, while driving her minivan on Plantation Street in Worcester, was struck by another vehicle being driven by the defendant, Michael Gervais. Following the accident, both operators got out of their vehicles and exchanged necessary information. Gervais, a Worcester Police Officer, was in his official uniform although he was driving his own personal vehicle.
Claiming injuries from the accident, Nguyen sued Gervais and his insurer, Commerce, for negligence in the Westborough District Court.[1] The suit, filed in 2000, led to the issuance of interrogatories in which the defendant admitted that he was the owner and operator of the vehicle involved in the accident. The defendant was not specifically asked, and did not disclose, whether he was acting within the scope of his employment at the time of the accident.
Thereafter, the plaintiff sought to depose Gervais and scheduled a deposition for April 24, 2001. The defendant requested, and the plaintiff agreed, to postpone the deposition until May 31, 2001. On that date, in response to a question regarding his activities at the time of the accident, Gervais disclosed, for the first time, that he had been working a paid police detail and was on his way to sign out at a nearby construction trailer at the time of the accident. As a result of this disclosure, the plaintiff amended her complaint to add the City of Worcester. Although she served the City with notice of the lawsuit the plaintiff did not file a presentment letter as required by M.G.L.c. 258, Section 4.

DISCUSSION

Motion To Dismiss

Defendants Gervais and Commerce Insurance seek dismissal of Counts One (negligence) and Three (93A claim) pursuant to M.G.L.c. 258, Section 2. When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairney v. Savogram Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass 426, 429 (1981), and cases cited. “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On a motion to dismiss under Mass.R.Civ.P. 12(b), however, a defendant is entitled to dismissal of a complaint where it is clear that the plaintiff can prove no set of facts upon which he or she would be entitled to relief. See Harvard Law School Coalition for Civil Rights v. President and Fellows of Harvard College, 413 Mass 66, 68 (1992).
Defendants Gervais and Commerce assert that dismissal is mandated based on the undisputed evidence that Gervais was acting in the course of his employment as a Worcester police officer at the time of the accident. In support of their position they rely on the *76 plaintiffs complaint which pleads, in Count Two, that “That [sic] all times material hereto, the Defendant, Michael Gervais, was an agent, servant and/or employee of the Defendant, City of Worcester.” At hearing on the motion, the City of Worcester admitted the truth of the pleading, accepting liability for Gervais’ actions at the time of the accident.
Massachusetts General Laws, Chapter 258, Section 2 provides that “public employees” are immune from personal liability for allegedly negligent acts committed in the course of their employment. Rather, Section 2 imposes liability on a “public employer” for the negligent conduct of “public employees.” Pruner v. Clerk of the Superior Court in the County of Norfolk, 382 Mass 309 (1981). It is beyond cavil that a municipal police officer is a public employee under the Tort Claims Act. Consequently, even viewed in the light most favorable to the plaintiff, there can be no liability against Gervais personally in the event he was acting within the scope of his employment as a police officer. So, too, there can be no claim against Commerce Insurance Company in the event that Gervais is personally immune from liability. Rather, Chapter 258 dictates that the public employer will accept full liability for Gervais’ conduct.
In her opposition to the defendants’ motion to dismiss, the plaintiff does not dispute Gervais’ public employee status, nor can she in light of her averment in Count Two of the complaint. Instead, she vainly argues unfairness and prejudice because Gervais did not timely disclose the fact that he was working as a police officer, announcing that fact only after the case was close to being prepared for trial in the district court. The plaintiff cites no authority for the proposition that delayed disclosure impacts the immunity provisions of c. 258. Consequently, dismissal of the case as against Gervais is required under c. 258, §2. The case against Commerce, entirely arising out of the allegation that their insured, Gervais, was exposed to liability for his negligent acts, must similarly fail. Commerce’s exposure, on a negligence claim as well as on the c. 93A claim, cannot survive the application of the Tort Claims Act.

Motion for Summary Judgment

The City of Worcester seeks summary judgment on Count Two of the complaint on the basis that the plaintiff has failed to make presentment on the City, as required under c. 258, §4. Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the non-moving party’s case or by demonstrating that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 711.
M.G.L.c. 258, §4 states, in pertinent part,
A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . .
The presentment requirement is a statutory condition precedent to recovery under c. 258. Vasys v. Metropolitan District Commission, 358 Mass. 51, 55 (1982). So construed, presentment must occur prior to bringing suit, Krasnow v. Allen, 29 Mass.App.Ct. 562, 568 n.8 (1990), and, by the plain terms of the law, be made to the chief executive officer within two years of the event underlying the cause of action. The purpose of a presentment notice is to allow the executive officer of the public employer an opportunity to investigate, and settle when appropriate, claims brought against the public employer. McAllister v. Boston Housing Authority, 429 Mass. 300 (1999). The filing of a complaint is insufficient to constitute presentment under the Tort Claims Act, Berube v. Northampton, 413 Mass. 635, 637 (1992), and constructive notice is not sufficient to meet the presentment requirement under the Act. Robinson v. Commonwealth, 32 Mass.App.Ct. 6 (1992), review denied, 412 Mass. 1101.
In the case at bar it is undisputed that no presentment was made in accordance with c. 258, §4. The defendant City of Worcester filed affidavits from the mayor, city clerk and city solicitor attesting that no presentment had been made prior to the naming of the City in the plaintiffs case. Moreover, at the hearing before this Court on October 22, 2001, counsel for the plaintiff acknowledged that the plaintiff had not made any presentment at all, even after ascertaining that Gervais was working as a police officer at the time of the accident. Instead, the plaintiff contends that she is relieved of the statutory requirement to make presentment based on the fact that Gervais failed to timely disclose the fact that he was working when he collided with the plaintiff. She relies on Krasnow v. Allen, 29 Mass.App.Ct. 562 (1990), where the Appeals Court ruled that the discovery rule applied to the presentment requirements of §4, as extending the time period for presentment where the defendant’s status as a public employee was inherently unknowable. In *77 Krasnow, the estate of a patient who died after an overdose of prescribed medication, sued the defendant, a psychiatrist who had been treating the patient, for negligence. The defendant was a practicing psychiatrist with offices at a private suburban hospital. She was assigned to treat the decedent who had sought outpatient services through the hospital, and treated her for nine months prior to the overdose. The hospital billed the patient for the cost of treatment. Unbeknownst to the plaintiff, the defendant’s salary and benefits were provided by the state Department of Mental Health, a fact that the plaintiff learned for the first time when the defendant filed a motion for summary judgment nearly five years after the patient’s death. The summary judgment motion was predicated on the claim that the defendant was a public employee immune from liability under the Tort Claims Act. Less than two months later, the plaintiff made presentment upon the Commonwealth and sought to join them in litigation.
The Appeals Court declined to apply the discovery rule on the facts of the case, ruling that, “[T]he plaintiffs knowledge was sufficient to stimulate further inquiry on his part about the claim, including inquiry into the facts about Dr. Allen’s employment status, and, thus, to start the running of the clock.” Krasnow at 570.
The plaintiff here attempts to distinguish her case from Krasnow by arguing that Gervais’ conduct, in failing to disclose that he was working in his interrogatories, failing to list his employment in either a police incident report or an accident report filed at or around the time of the accident, and postponing his deposition until after the two-year time period had passed, all demonstrate a “conscious” attempt to conceal his status as a public employee. This argument must fail on two grounds. First, the “conscious concealment” principle as articulated in dicta in the Krasnow case applies to conduct by the public employer, not employee, in attempting to steer an injured party away from suing the public employer. Id. at 570; See also, Vasys v. Metropolitan District Commission, 387 Mass. 51, 57 (1982); Moran v. Mashpee, 17 Mass.App.Ct. 679, 681 (1984); White v. Metropolitan District Commission, 21 Mass.App.Ct. 106, 109-10 (1985) (exception to the strict requirements of presentment permitted where the public employer has “lulled” a plaintiff into believing that presentment was not an issue).
Second, the plaintiff has not provided any affirmative showing that there was a conscious effort, by anyone, to conceal the fact of Gervais’ employment status from her. The clearest form of notice that a claim against the City might have existed occurred at the time of the accident. Gervais got out of his truck to exchange papers in the full and official uniform of a Worcester police officer. From that point, on May 7, 1999, until the taking of his deposition in May 2001, the plaintiff made no inquiry regarding Gervais’ employment or what he was doing at the time of the accident. Even more so than the plaintiff in Krasnow. the plaintiff was on notice that the defendant had some relationship with a public employer, and his status was inherently knowable.
Consequently, the presentment requirement of c. 258, §4 is applicable to the claim against the City of Worcester and, there being no compliance, mandates the harsh but clear result that summary judgment is due the City.

ORDER

For the reasons set forth herein, this Court ORDERS that the complaint be dismissed as against defendants Michael Gervais and Commerce Insurance Company, and further ORDERS that summary judgment enter for defendant City of Worcester.

 The complaint against Commerce Insurance Company also includes a count for violation of M.G.L.c. 93A alleging that Commerce’s failure to make a settlement offer constitutes an unfair and deceptive act and practice.