Brennan, PJ.
The plaintiff, Frank J. Killoran (“Killoran”), commenced this tort action on July 6, 2010 to recover for injuries allegedly sustained in an automobile accident on January 29,2004. After filing their answer, the defendants moved to dismiss the complaint as barred by the statute of limitations and not within the saving provisions of G.L.c. 260, §32. The dismissal motion was allowed, and Killoran has appealed.
1. Although the defendants referenced Mass. R. Civ. R, Rule 12(b)(5), 12(b)(6), 12(b) (9), and 12(b) (10), the substance of both their motion and supporting memorandum identified their request as one for dismissal under Rule 12(b)(6). See Lambley v. Kameny, 43 Mass. App. Ct. 277, 280 (1997) (“[T]he label attached to a... motion is far less important than its substance.”); Babco Indus., Inc. v. New England Merchants Nat'l Bank, 6 Mass. App. Ct. 929 (1978) (“A motion to dismiss under Mass. R. Civ. E, Rule 12(b)(6),... lies against a complaint which shows on its face that the statute of limitations has run prior to the date the action was commenced.”). An initial procedural problem neither addressed nor argued by either party is that the defendants’ Rule 12(b) (6) motion was untimely because it was submitted after the filing of their answer. Mass. R. Civ. R, Rule 12(b) (noting that'Rule 12(b)(6) defense “shall be made before pleading if a further pleading is permitted”).
The solution to this procedural problem is that the defendants’ dismissal motion could have been properly treated by the trial court as one pursuant to Rule 12(c). A defendant retains the right to raise the defense of failure to state a claim after the pleadings are closed, and may do so by filing a Rule 12(c) motion for judgment on the pleadings. Mass. R. Civ. R, Rule 12(h)(2). While there appears to be no Massachusetts precedent for treating an untimely Rule 12(b) (6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings, there is case law support for considering untimely motions under other Rule 12(b) subsections under Rule 12(c). See DeAndrade v. Schottenstein Bernstein Capital Group, Inc., 2006 Mass. App. Div. 5, 7 (Rule 12(b) (5) motion filed after answer may be treated as Rule 12(c) motion); Long v. Hodges, 1978 Mass. App. Div. 75, 76 (Rule 12(b) (2) motion filed after answer may be treated as Rule 12(c) motion). Further, because Mass. R. Civ. R, Rule 12(b) (6), is based directly on its Federal counteipart, Reporters’ Notes to Mass. R. *87 Civ. E, Rule 12(b), we may look for guidance to cases interpreting the cognate Federal rule. See Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 179-180 (1975). That guidance overwhelmingly supports permitting a trial judge to construe an untimely Rule 12(b)(6) motion as one under Rule 12(c). See, e.g., Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Thus, in this case, the defendants’ Rule 12(b) (6) motion to dismiss, filed after their answer to Killoran’s complaint, could have been properly considered as a Rule 12(c) motion for judgment on the pleadings.[2]
2. We review the allowance of a Rule 12(c) motion de novo. Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 600 (2010). “Akin” to a Rule 12(b) (6) motion, Jarosz v. Palmer, 436 Mass. 526, 530 (2002), a Rule 12(c) motion challenges the legal sufficiency of a complaint. Welch v. Sudbury Youth Soccer Ass’n, Inc., 453 Mass. 352, 353 (2009). “A defendantss rule 12 (c) motion is ‘actually a motion to dismiss... [that] argues that the complaint fails to state a claim upon which relief can be granted.’” Jarosz, supra at 529, quoting J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §12.16 (1974). In deciding a Rule 12(c) motion, “all factual allegations pleaded by the nonmoving party must be accepted as true, and contravening assertions by the moving party are to be taken as false.”[3] Welch, supra at 354. Particularly significant in this case is the principle that “[j]udgment on the pleadings may be entered if the plaintiff fails to present sufficient facts in the complaint to support the legal claims made.” Flomenbaum v. Commonwealth, 451 Mass. 740, 742 (2008).
*88 It is clear in the first instance that Killoran’s complaint was filed after the expiration of the applicable statute of limitations. Tort actions are subject to a three-year statute of limitations, G.L.c. 260, §2A; Killoran commenced this action on July 6, 2010, approximately six and one-half years after the January 29, 2004 automobile accident from which his claims arose. But Killoran argues that the trial court erred in dismissing this action because the facts alleged in his complaint, taken as true, establish that his tort claim is timely under G.L.c. 260, §32, the so-called savings statute. That statute provides, in part:
If an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed ... the plaintiff ... may commence a new action for the same cause within one year after the dismissal.
However, as to the application of the statute in this case, Killoran’s complaint merely recites the following:
This case is timely filed pursuant to the provisions of M.G.L.c. 260 Section 32 in that it was brough [sic] within one year following the dismissal of a timely filed predecessor lawsuit (originally designated in the Worcester Superior Court as Case No. 07-155B and later designated in the Worcester District Court as Case No. 09 CY 2245) which was dismissed in October of 2009 as a result of ‘insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom process was committed’ within the meaning of said Section 32.
While complaint factual allegations must be accepted as true for Rule 12(c) purposes, Killoran has failed to allege specific facts demonstrating that his case satisfied the requirements of the savings statute. No facts are set forth to explain or substantiate Killoran’s purely conclusory assertions that his prior District Court action was dismissed for an insufficiency of his service on the defendants that resulted from an “unavoidable accident” or the “default or neglect of the officer” making service. The savings statute specifically enumerates only those two reasons for dismissal based on insufficient service of process. See Krasnow v. Allen, 29 Mass. App. Ct. 562, 565-566 (1990). It may well have been that the Mass. R. Civ. P., Rule 4(j), dismissal of the prior action resulted from Killoran’s own lack of diligence in failing to make service rather than any accident or neglect of the process server. Killoran’s parroting of the statute’s requirements in purely conclusory assertions in his complaint fell well short of establishing that the savings provisions of G.L.c. 260, §52 are applicable in this case.[4] As noted, in the absence of the statutory savings provisions, Killoran’s *89 action was commenced after the expiration of the statute of limitations. There was no error, therefore, in the trial court’s allowance of the defendants’ dismissal motion.
Judgment affirmed.

 Boyle and Steese attached 11 exhibits to their memorandum in support of their dismissal motion, including: Killoran’s initial complaint against the defendants filed in Superior Court on January 23, 2007 and a judgment of dismissal by the Superior Court entered on June 23, 2009; Killoran’s subsequent complaint against the defendants filed in the District Court on July 13, 2009, the defendants’ motion to dismiss that complaint under Mass. R. Civ. P, Rule 4(j), and a judgment of dismissal by the District Court on October 26,2009; and Killoran’s motion to vacate judgment filed in the Superior Court on January 6, 2010 and a Superior Court judge’s denial of that motion. Neither party has raised on appeal any issue of the conversion of the defendants’ motion to one under Mass. R Civ. R, Rule 56. The record does not include a transcript of the hearing on the dismissal motion. And as the trial judge gave no statement of reasons supporting his dismissal of Killoran’s claim, there is no indication that he considered anything beyond the complaint in making his ruling. Therefore, we deemed waived any issue as to whether the defendants’ dismissal motion was converted to one for summary judgment. In any event, there is nothing to indicate that a review of the exhibits attached to the defendants’ supporting memorandum would have resulted in a different outcome in this case.

 The record appendix does not include the defendants’ answer. Further, while we recognize that a court deciding a Rule 12(c) motion may take judicial notice of the court’s records in a related action as well as the records of other courts, Jarosz, supra at 530, we have no transcript of what transpired at the hearing in the trial court. Therefore, we assume that the court focused on the allegations in Killoran’s complaint. Town of Brookline v. Goldstein, 388 Mass. 443, 447 (1983).

 General Laws c. 260, §32 also provides, in a “catchall clause,” Krasnow, supra at 565, that a new action for the same cause may be commenced within one year after the dismissal of an action “for any matter of form.” Killoran’s complaint is devoid of any facts suggesting that the Rule 4© dismissal of his case was simply a “matter of form.”