ALICE V. BARRY *vs.* BOSTON HOUSING AUTHORITY & another; CONSOLIDATED ELEVATOR COMPANY, third-party defendant. December 8, 1976. 1. There was evidence to the effect that the elevators in the authority's building functioned properly at the start of the plaintiff's tenancy in April, 1969; that sometime early in 1970 the elevators developed a sporadically occurring "jumping problem"; that the "jumping problem" was the cause of the plaintiff's fall; and that the existence of the "jumping problem" had been reported to the authority's maintenance man in the building on many occasions between early 1970 and the time of the plaintiff's fall on September 5, 1970. The duration of the condition (which the jury could reasonably infer was a continuing

defect left unrepaired even though the elevator's malfunction was sporadic) and the fact that it had been reported to the authority justified an inference that the authority had failed to use reasonable care to maintain the elevators in the same condition they were in, or appeared to be in, at the inception of the plaintiff's tenancy and served to distinguish this case from *Bernstein* v. *Highland Associates of Worcester, Inc.* 1 Mass. App. Ct. 132 (1973). The judge properly denied the authority's motion for a directed verdict in its favor. 2. The judge was likewise correct in denying the authority's fourth requested instruction and its motion for judgment against the third-party defendant notwithstanding the verdict. Despite the breadth of the clause in the repair contract which required the third-party defendant to "provide . . . a complete elevator maintenance service . . . adequate to insure continuous first class, smooth and quiet operation," the contract read as a whole did not make the third-party defendant an insurer of perfect operation but only imposed on it the duty to "use all reasonable care to maintain the elevators in proper, safe operating condition" and to furnish all the labor and materials necessary for that purpose. Its duty *to make all needed repairs was not absolute; implicitly it was restricted* to malfunctions which had been reported to it or which it should have discovered, neither of which was required to be found on the evidence in this case. Similarly, the indemnity clause did not cover all liabilities arising from elevator malfunctions but only those "arising or resulting from the work provided for or performed under the [c]ontract . . . or from any act, omission or negligence" of the third-party defendant. The word "omission" in this context plainly meant an omission to do an act which the contract required and did not include a failure to repair a malfunction which the jury could find had not been reported to the third-party defendant and which they were not required to find it should have discovered.

*Judgments affirmed.*

*William Clancy* for Boston Housing Authority.
*Richard K. Donahue* for Consolidated Elevator Company.
*John P. Donovan* for the plaintiff.