LoConto, J.
The appellant (defendant) brought this appeal to test the correctness of the trial judge’s denial of its motion for involuntary dismissal pursuant to Dist./Mun. Cts. R. Civ. R, Rule 41(b) (3) and ultimately the finding for the plaintiff. We rule that the evidence viewed in the light most favorable to the plaintiff cannot support the trial judge’s finding and therefore judgment must enter for the defendant. The facts necessary for an understanding of the issues are as follows.
The evidence consisted of the testimony of three witnesses. The plaintiff testified that on November 6,1990, he tripped and fell while exiting an elevator located in an office building at 332 Main Street, Worcester. His friend, Orlando Ramos, testified that he was travelling with the defendant and noticed that the elevator car had not leveled when it reached the desired floor and that the defendant tripped while exiting. Mr. Ramos testified that the defendant did not notice this fact and tripped and fell, landing on his left shoulder. William Woodard, who in November, 1990, was employed by the defendant company as a service modernization adjustor, testified that the defendant company had a modernization contract regarding elevators at 332 and 340 Main Street, owned by the same entity. He testified that this contract was similar to a maintenance contract, that he worked at both buildings, that there had been occasional problems with elevators not leveling, however only on the bottom floor, but that there was never a problem with the subject elevator. The plaintiff offered no documentary evidence relating to the work performed by the defendant, nor did the plaintiff introduce any expert evidence to indicate what the defendant did, or failed to do, to cause or prevent this from happening. In addition, no one representing the owner of the building testified.
On the facts presented in this case, the plaintiff is not entitled to relief upon a theory of res ipsa loquitur, since the “doctrine is inapplicable because the accident which occurred is not of the type which would not ordinarily have happened without negligence on the part of the defendant” Bernstein v. Highland Association of Worcester, 1 Mass. App. Ct. 132, 133 (1973). Although the defendant had contracted with the building owner to maintain the elevators, this fact alone did not make it an insurer of the “perfect operation of the elevator.” “[(Implicitly it was restricted to malfunctions which had been reported to it or which it should have discovered, neither of which was required to be found on the evidence in this case. Barry v. Boston Housing Authority, 4 Mass. App. Ct. 860 (1976).
In order to recover, the plaintiff must prove that the injury was proximately caused by a negligent act or omission of the defendant. Mullins v. Pine Manor Junior College, 389 Mass. 47 (1983). The evidence presented by the plaintiff can only prove that the elevator, at that time, did not level with the third floor when used by the plaintiff. Proof of a defective condition alone, is not proof of negligence. Association of Worcester, at 134. As the Appeals Court stated in Bernstein,
*8 the failure of the elevator to level with the floor... did not establish the cause of the plaintiffs injury but simply created a condition upon which the plaintiff subsequently acted and thereby was injured.
There was no evidence that this defendant had prior knowledge of any defect or that it failed to maintain the elevator. In fact, there was evidence that any repairs were needed after the accident.
We conclude that the evidence, even when viewed in the light most favorable to the plaintiff, does not adequately support the trial judge’s ultimate finding in favor of the plaintiff. Accordingly, judgment must be entered for the defendant.
Therefore, the trial court’s finding is reversed and judgment is to be entered for the defendant.