Sosman, J.
Plaintiff Michael Rabel has brought the present action complaining of injuries sustained while attempting to extricate himself from a hotel elevator owned by defendant Sage Hotel Corporation (“Sage”) and maintained by defendant Delta Elevator Service Corporation (“Delta”). Defendant Delta has moved for summary judgment on the ground that there is no evidence that it either knew or should have known of any defect in the elevator prior to the incident and that the negligence of hotel employees was a superseding cause of plaintiffs injury that would relieve Delta of any liability. For the following reasons, defendant Delta’s motion for summary judgment is ALLOWED.
Facts
Viewed in the light most favorable to plaintiff, the facts are as follows:
In August 1992, plaintiffRabel and his family spent a weekend at the Howard Johnson’s Hotel in Cambridge. At approximately 9:00 a.m. on that Sunday morning, Rabel and his wife got on the elevator on the tenth floor intending to go down to the lobby level. On the way down, the elevator stopped unexpectedly between floors. No one was injured when the elevator stopped, but the occupants were unable to get out.
Rabel pressed the emergency button, and hotel employees responded to the alarm. Hotel personnel placed a call to Delta, which maintained the elevators under a contract with Sage, and to the fire department. The Delta mechanic, Robert Buckley, arrived at approximately 9:20 a.m. However, prior to Buckley’s arrival, hotel employees had attempted to force the elevator doors open. According to Rabel, employees had stuck a broom or mop handle in between the doors and had asked Rabel to help pry the doors open with that handle. Rabel alleges that, while holding onto the broom handle as instructed by the hotel workers, he injured his left ring finger.
When Buckley arrived, Rabel and the other occupants were still stuck in the elevator. Buckley picked the lock, released the passengers and proceeded to check the elevator. He found that the elevator was functioning properly and that the door locks were functioning properly. The only thing he found was a “tacky” gate switch, which he cleaned. A gate switch can become tacky from dust particles forming a burr. A tacky gate switch does not respond as quickly as it should and would be a possible cause of the elevator malfunction on that day. No other possible cause was identified.
Under its contract with Sage, Delta examined the hotel elevators twice a month and performed necessary maintenance and repairs. Delta had last examined the elevators and performed routine lubrication and adjustment on July 28, 1992, five days prior to Rabel’s accident. No defects were noted on that date. Delta does not know when the gate switch itself was last checked, but it was not malfunctioning as of the July 28 inspection of the elevators. Delta acknowledges that the gate switch itself should be inspected semi-annually.
Discussion
By way of its contract to maintain the elevators, Delta had a duly to refrain from negligent acts or omissions that would foreseeably result in harm to persons using the elevators. However, plaintiff has no evidence indicating that Delta had notice or should have known of any alleged defect in the elevator. “The fact that the elevator was defective at the time of the accident, without more, is not evidence of the defendant’s negligence.” Bernstein v. Highland Associates of Worcester, 1 Mass.App.Ct. 132, 135 (1973). See also Arroyo v. Otis Elevator, 1996 Mass.App.Div. 7 (proof that the elevator did not level with the floor is proof of a defective condition but not proof of negligence). Compare Barry v. Boston Housing Authority, 4 Mass.App.Ct. 860 (1976) (prior reports of a sporadic jumping problem put owner on notice of problems with the elevator).
In the present case, the elevators were functioning normally as of five days prior to Rabel’s accident. No complaints were made to Delta in between its July 28 inspection and the August 2 malfunction. While the evidence would certainly permit the juiy to conclude that the elevator got stuck because of a tacky gate switch, there is nothing to indicate when that burr of dust particles formed on the switch or when the tacky condition of the switch would have been discoverable. The only evidence is that, whatever the condition of the gate switch on July 28, the elevator itself functioned normally on that day’s inspection. While it is possible that the gate switch was tacky and that its tacky condition could have been discovered as of July 28, plaintiff can not prevail by showing a mere possibility of negligence. Plaintiff must have evidence sufficient to satisfy the preponderance of the evidence standard — i.e., evidence showing that it was more probable than not that a reasonably prudent inspection would have uncovered a tacky gate switch as of *700 the July 28 inspection. Plaintiff does not have any such evidence.
From the fact that Delta does not know precisely when it last inspected the gate switch itself, plaintiff also argues that the jury could infer that Delta had failed to conduct timely specific inspection of that particular component. A lack of evidence as to how long it had been since the last specific inspection of the gate switch does not permit the inference that the gate switch was overdue for specific inspection. Again, while it is possible that Delta had failed to make some prior examination of the gate switch, a mere possibility can not, by itself, satisfy plaintiffs burden of proof on the issue of negligence.[1]
ORDER
For the foregoing reasons, defendant Delta Elevator Service Corporation’s Motion for Summary Judgment is ALLOWED.

 In light of tire court’s ruling, it is not necessary to reach Delta’s alternative argument with respect to the alleged superseding cause of plaintiffs injury. Delta contends that, in the event of elevator malfunction, hotel personnel were to notify Delta and the fire department and await assistance. They were not supposed to attempt any rescue themselves or otherwise tamper with the elevators. Plaintiffs injury stemmed, not from any malfunction of the elevator, but from his exerting force on a broom handle wedged in between the doors by a hotel employee. Company policy notwithstanding, it is arguably foreseeable that hotel personnel would make attempts to get people out of a stuck elevator and that injuries would be sustained during such attempts. If plaintiff had evidence of Delta’s negligence, the issue of superseding cause would appear to be a question for the jury.