LoConto, P.J.
The defendant appeals the trial judge’s denial of its motion for involuntary dismissal, denial of various requests for rulings of law and the entry of judgment for the plaintiff. We rule as a matter of law, that there was insufficient evidence to warrant a finding for the plaintiff and order that the judgment be vacated and that judgment enter for the defendant. The facts and issues necessary for an understanding of this appeal are as follows.
In a complaint dated January 23, 1991, the plaintiff sought damages for the alleged injuries she received from a fall while exiting an elevator at the Mercy Hospital on January 24, 1988. The defendant had contracted to perform the maintenance on this elevator at all relevant times. The two count complaint sought relief on the basis of negligence in the design and failure in the maintenance of this elevator. There was no evidence offered on the count alleging negligent design. In addition to the admitted exhibits, the evidence introduced at the trial held on June 10,1997, consisted of the testimony of one witness, Stephen W. Andre, a maintenance supervisor of the defendant company, and the deposition of the plaintiff taken on July 19,1991.
*20 The plaintiff, born February 22,1922, was a dietary technician at Mercy Hospital for fifteen years' prior to her retirement in March, 1988. She frequently used the elevators during the workday. She testified in her deposition that in the six month period prior to the accident that she did not observe any problem with the elevators. That on date of the accident, she entered the subject elevator at the fifth floor, intending to go down to the basement level. The plaintiff could not recall if the elevator made any stops before it reached the basement. She testified that she was standing near the right side of the door, and “[w]hen the door opened, I stepped out and as I stepped out, my foot caught and I went flying across the hall and slammed into the wall pinning my hand under the clipboard.” She testified that before she exited the elevator she looked down and noticed that the floor was level. When asked what she believed caused the fall, the plaintiff responded, “ [t] he fact that the elevator floor dropped.” However, she farther responded that she had no information from any person or any other source as to how long that problem may have existed before this episode. In addition, she made no observations of the elevator after the fall. ■
Stephen W. Andre has worked in the elevator industry since 1967. He testified that he last inspected the elevators at that building two days before this incident on January 22,1988, and had no memory of receiving any complaints about the elevators not leveling or dropping. Further, there was no evidence that Mercy Hospital notified the defendant that a problem had occurred on January 24, 1988. There was evidence that if there had been a leveling problem, it would have occurred on every floor and that the condition would have required a physical repair since a leveling problem is not self-correcting. The plaintiff presented no expert evidence that the defendant did or failed to do anything that would have caused the elevator to act as alleged. In addition, there was no evidence that the defendant had prior notice of a defect in the operation of the elevator. In fact, there was evidence that this elevator required no repairs on account of the incident on January 24,1988.
In order to recover, the plaintiff is required to prove that her injuries were proximately caused by a negligent act or omission of the defendant. Mullins v. Pine Manor Junior College, 389 Mass. 47 (1983). She “may not thrust this burden upon the shoulders of res ipsa loquitur.” Bernstein v. Highland Associates of Worcester, Inc., 1 Mass. App. Ct. 132, (1973), quoting, Nieman v. Jacobs, 87 Ariz. 44, 50. “An essential to the application of that doctrine is satisfied by the stipulation that the elevator was in the control of the defendant, but the doctrine is inapplicable here because the accident which occurred is not of the type which would not ordinarily have happened without negligence of the part of the defendant.” Walker v. Benz Kid Co., 279 Mass. 533, 538 (1932). Proof that the elevator failed to level “did not establish a cause of the plaintiffs injury but simply created a condition upon which the plaintiff acted and was subsequently injured.” Bernstein v. Highland Associates of Worcester, Inc., supra at 134. The absence of evidence that the defendant had prior knowledge that the elevator was defective, or that the defendant failed to maintain it in a safe condition, prohibits recovery by the plaintiff. We rule that there was not sufficient evidence to warrant a finding by the plaintiff and order that the judgment be vacated and that a new judgment be entered in favor of the defendant.