Welsh, J.
Plaintiff appeals from the allowance of a motion to dismiss by reason of failure to serve the defendant with process within 90 days. Mass. R. Civ. P., Rule 4®.
We determine there was no error.
This is an action in negligence to recover for personal injuries sustained and other damages resulting from a motor vehicle accident which occurred on April 14,1995. The plaintiff was the operator of a vehicle which was involved in a collision with a vehicle owned by the defendant. A brief chronology follows.
On May 9,1995, counsel for plaintiff sent ■written notice of representation to the defendant’s insurer.
On January 30,1996, the defendant became deceased.
On September 22,1997, plaintiff filed this action in the Brockton District Court. Service was attempted on September 25,1997 at defendant’s “last and usual” place of abode.
On October 30,1997, the defendant’s insurer, appearing specially, filed a motion to dismiss by reason of lack of personal jurisdiction due to failure to serve the defendant.
On November 28,1997, plaintiff was served with a copy of the death certificate *41 of the defendant.
On January 28, 1998, plaintiff petitioned the Probate Court for appointment of administrator for the estate of the defendant.
On April 14,1998, the statute of limitations expired.
On or about May 7,1998, an administrator was appointed for the estate of the defendant.
On July 14,1998, plaintiff filed a motion for substitution of the administrator as party defendant.
On July 17, 1998, counsel for defendant’s insurer filed an opposition to the motion for substitution and also filed a motion to dismiss under the provisions of Mass. R. Civ. P., Rule 4(j).
The motion to dismiss was allowed.
1. G.L.c. 197, §9A allows an action for personal injuries or death to be commenced against the personal representative of the estate of a deceased defendant within three (3) years after the cause of action accrues. The recovery is limited to insurance proceeds and the judgment creditor may not look to the general assets of the estate to satisfy the judgment. If a personal representative has not been appointed, the action shall be maintained naming the decedent as defendant, in which case service of process shall be made upon the insurer. The plaintiff failed to serve the defendant decedent’s insurer even though plaintiff’s counsel was aware of the identity of the insurer at least as early as May 9,1995.
2. The party having the obligation to make service of process bears a.substantial burden to demonstrate “good cause” for failure to make such service. That burden requires something more than ordinary neglect or mistake. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991). A good faith attempt at compliance and a reasonable basis for non-compliance must be demonstrated. The focus of judicial inquiry is the reasonableness and diligence of counsel’s efforts to effect service in the time required. The record is devoid of any circumstances suggesting at least an excusable neglect on the part of plaintiffs counsel. There was no showing, for example, of an intent to evade service of process by the decedent’s insurer. The fact that some dialogue may have occurred between counsel for the plaintiff and counsel for the insured does not excuse compliance with the requirements of Rule 4® of Mass. R. Civ. P. There was no evidence that decedent’s counsel misled counsel about accepting service of process. The fact that defendant’s counsel might have suggested being amenable to mediation or settlement does not rise to the kind of conduct that would excuse service of process as required by Rule 4(j), Mass. R. Civ. P. Finally, the fact that the statute of limitations had run does not provide a basis for finding "good cause” for non-compliance with the requirement of the rule. Hull v. Attleboro Savings Bank, 33 Mass. App. Ct. 18, 27-28 (1992).
It is ordered that the appeal be dismissed.
So ordered.