Aguiar, J.
This appeal raises the issue of whether the motion judge erred in vacating a judgment of dismissal pursuant to Standing Order 1-88 of the Standing Orders of the District Court where the plaintiff has failed to comply with the requirements of Mass. R. Civ. P, Rule 4(j).
We find there was error.
This suit is a negligence action for personal injuries resulting from a rear end motor vehicle collision on March 31, 1994. When a negotiated resolution of the matter was not reached, Attorney Gregory P. Lee, prior counsel in this matter, filed suit on March 31,1997. On May 5,1998 a judgment of dismissal was entered pursuant to Standing Order 1-88 and plaintiff filed a motion to vacate that dismissal which was allowed.
By way of letter dated July 9, 1997 Attorney Lee forwarded copies of the summons, complaint and statement of damages to “Quickserv” for service of process. Service was not completed at that time as more than 90 days had expired.
In March of 1998 Attorney Lee requested Attorney Robert L. Noa to take over his personal injury cases and this case was one of them. Attorney Lee also indicated to Attorney Noa that “Quickserv” had been unable to make service on the defendant due to the fact that more than 90 days had elapsed.
On March 27, 1998, by way of letter, Attorney Noa notified defendant’s insurance company, Arbella Mutual Insurance Company, that he had taken over the matter. Attorney Noa on several occasions left messages requesting the claims adjuster call to discuss voluntarily accepting service and continue negotiation.
On May 19, 1998 Attorney Lee faxed a copy of the Court’s “Judgment of Dismissal Pursuant to Time Standards” to the attention of Attorney Noa.
At the time of the hearing on the motion to vacate dismissal, counsel for the plaintiff (Attorney Lee) advised the court that, at the time that service should have been made on the defendant he was involved in a protracted divorce proceeding and, as a result of his personal problems, had had difficulty managing his professional responsibilities.
All medical treatment required by plaintiff was concluded and plaintiff was discharged from care as of October, 1995.
Plaintiff argued that any independent medical examinations that defendant’s insurance carrier might have requested would have been done at or prior to the conclusion of plaintiff’s medical care. Accordingly, defendant is not prejudiced by allowance of the motion to vacate dismissal from a medical perspective.
Plaintiff further argued that a good faith effort was made to discuss with Arbella Mutual Insurance Company the issue of service of process but before any substan *43 tive conversation could be had the judgment of dismissal was received.
Plaintiff argued that the defendant is not prejudiced from an investigation standpoint should the motion be allowed, as all investigative work will have long ago been performed. Plaintiff argued further that liability is clear and the only substantive issue at bar is that of damages.
Massachusetts Rules of Civil Procedure, Rule 4(j) states if good cause as to why service was not made within the 90 day period is not shown then “the action shall be dismissed as to that defendant without prejudice.’’
Defendant argues that the court erred in finding good cause to vacate the dismissal. Defendant argues that good cause is not established by lack of diligence or inadvertence of counsel, or by the absence of prejudice to the defendant. Defendant further argues that in the case at hand, prior counsel did not make any effort to effectuate service on the defendant until one hundred days after the filing of this complaint and that any effort to correct this problem occurred more than a year after the time period had expired.
We find there was error.
On July 9,1997, the plaintiff’s attorney forwarded to a process server a copy of the complaint, a summons, and a statement of damages for service upon the defendant. There is no indication in the record showing any attempts by the plaintiff to effect service of process on the defendant from March 31,1997, the date of commencement of the action, up to July 9, 1997. One May 5,1998, a judgment of dismissal was entered pursuant to Standing Order 1-88, by reason of inactivity. On June 8,1998, the plaintiff filed a motion to vacate the judgment of dismissal. The defendant appeared and filed an opposition to the motion. The judge allowed the motion and reported his action to the Appellate Division agreeable to Mass. R. Civ. R, Rule 64B.
We vacate the order allowing the motion to set aside the judgment of dismissal pursuant to Standing Order 1-88.
Rule 4®, Mass. R. Civ. P. requires that an action be dismissed if service of a summons and a copy of the complaint is not accomplished within 90 days after the filing of the action. In order to prevent dismissal, the party on whose behalf service was required (the plaintiff in this case) has the burden of showing good cause why service was not made within the required period. Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991). The report does not indicate what circumstances the court found that would constitute “good cause.”
The plaintiff argues that dismissal for failure to serve the defendant was not intended by Rule 4© to operate as a dismissal with prejudice. In fact, the Rule explicitly states that such dismissal shall be without prejudice. In this case, the dismissal for all practical purposes precludes bringing tire action anew because of the statute of limitations.
“Good cause” is a stringent standard requiring diligent albeit unsuccessful effort to complete service within the period prescribed by the rule. Shuman v. The Stanley Works, supra at 953. The plaintiff’s counsel waited more than 60 days from the date the action was filed to forward a copy of the complaint and summons to the process server. This is an obvious disregard of the plaintiff’s responsibility under Rule 4(j) to make prompt service of the complaint and summons. Likewise, the absence of a request by plaintiffs then counsel for an extension under Mass. R. Civ. R, Rule 6(b), while perhaps not conclusive, is indicative of a lack of diligence chargeable to the plaintiff. The failure by the process server to effect service does not, of itself, constitute “good cause” for non-compliance with Rule 4 (j). The focus of the court’s inquiry as to good cause is the reasonableness and diligence of counsel’s effort to effect service within the time required. Shu-man, supra at 953. There is no evidence in the record warranting a finding that the defendant was attempting to evade service of process. The purpose of the *44 rule of strictness is to compel plaintiffs to adhere to a standard of diligence to preserve causes of action against limitation problems. Failure of defendant’s counsel to agree to accept service to aid the plaintiff in meeting her obligation for diligence in meeting the requirements, is not sufficient to constitute “just cause” for relieving the plaintiff of her strict obligations imposed by Rule 40, Mass R. Civ. R Commissioner of Revenue v. Corrigan, 45 Mass. App. Ct. 309, 312 (1998). In other words, the fact that the defendant did nothing to facilitate service does not establish an attempt to evade process. Id. at 313.
The lack of prejudice to the defendant is irrelevant. Shuman, supra at 954 n.3. Nor is the fact that the defendant may have had actual notice dispositive. Commissioner of Revenue, supra at 315.
The order vacating the judgment of dismissal under Standing Order 1-88 is vacated. The judgment of dismissal is reinstated.