Welsh, J.
This is a civil action for personal injuries sustained on September 18, 1998 as a result of a fall in a dwelling then owned by the defendant
On September 11,2001, about a week prior to the expiration of the time permitted by the statute of limitations, the plaintiff filed this action in the New Bedford District Court. There had been discussions between plaintiffs counsel and that of the defendants insurer under a homeowner’s policy relative to possible settlement, but no settlement was achieved. An attempt to serve the defendant at her last and usual place of abode came to naught when it was discovered that the defendant had died *211 approximately seven months prior to filing the action. A suggestion of death was filed on November 5,2001 indicating as date of death February 22,2001.
At no time was the defendant or defendant’s insurance company served with process. No administrator of the estate was appointed. There was no waiver of service of process by the insurance company either expressly or by implication. The plaintiff did not attempt to obtain leave to serve the insurance company late for “cause shown.” Indeed, there is nothing in the record to suggest that it was impossible to serve the insurance company. Nor was there any showing that the insurance company or any of its agents had attempted by subterfuge or otherwise to evade service of process upon it. The record does show that on October 23,2001, plaintiffs counsel informed the insurer’s attorney by letter that an action had been brought and expressed the hope that a settlement could be reached. Receipt of this letter was duly acknowledged.
In January of 2002, plaintiff’s counsel “informed” the insurance company’s attorney that plaintiff intended to proceed under G.L.c. 197, §9A and would look solely to the insurance proceeds in the event of a recovery. This correspondence was also acknowledged.
On May 9, 2003, defendant through new counsel filed a motion to dismiss for failure to make service in a timely manner. Rule 4(j), Mass. R. Civ. R The motion was allowed on May 19, 2003. There was no prejudicial error.[1]
1. Appellant contends that service of process was not required because the insurance company was aware of the pendency of the action and of the plaintiff’s intent to proceed under G.L.c. 197, §9A Appellant’s reliance on Cross v. Hewitt, 52 Mass. App. Ct. 538 (2001) for this proposition is misplaced. That case involved an entirely different issue concerning the interpretation of G.L.c. 197, §9A. It presented, as was so aptly put by the author of the opinion, the classical “Catch-22.” The dilemma: if the claimant waited until one year after the death of the decedent to bring the action as would appear to be required by a literal reading of the statute, the statute of limitations would bar the claim. The Appeals Court held that such a reading of the statute was unjustified, and permitted the action to proceed against the insurer even though the year had not expired. Id. at 542. The insurer had in fact filed a responsive pleading. The question of whether personal service was required was not in issue. Nowhere in the opinion is there a suggestion even by way of dicta that personal service was not required. In another case, in commenting upon G.L.c. 197, §9A, the Appeals Court opined by way of dicta that the insurer was the real party in interest which must be served even though the action proceeds nominally against the deceased defendant. See Tae v. Tae, 57 Mass. App. Ct. 297 n.3 (2003). We are required to construe this statute as a whole in its context consistent with the legislative purpose. See Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513-514 (1975). The construction advocated by appellant is in direct opposition to the express language of the statute. G.L.c. 197, §9A provides, in part, that:
In such event fi.e. where no fiduciary has been appointed! any service of process shall be made.upon the entity providing the insurance or bond, (emphasis added).
In construing G.L.c. 197, §9A, we look to G.L.c. 197, §9 (a) and construe these two statutes harmoniously as part of a legislative scheme to provide a remedy for claimants against persons who have become deceased. Section 9(a) provides for service in hand upon the personal representative of the estate or, in lieu thereof, *212 the acceptance of service by the personal representative, or by filing a notice of claim in the Probate Court. Cases construing Section 9(a) hold that “last and usual” service does not suffice. See McQuade v. McQuade, 1997 Mass. App. Div. 53, 55. None of the cases cited by appellant or that otherwise have come to our attention suggests that service of process is unnecessary in cases under G.L.c. 197, §9 or §9A Nor do we perceive any intent on the part of the legislature to dispense with this requirement: See Ganem v. LeBrun, 1998 Mass. App. Div. 19, 20.
2. The effect of failure to make timely service upon a party entitled to it is Draconian: Unless service of process is accomplished within 90 days, or unless “good cause” is shown for failure to make such service, the result is dismissal of the action. Commissioner of Revenue v Carrigan, 45 Mass. App. Ct. 309, 311 (1998). Rule 4®, Mass. R. Civ. P. is identified with
Federal Rule 4(j) except that in the Federal Rule 120 days is the time prescribed. The simple but rigorous requirements of Rule 4® and the severe consequences of breaching them demands treating that Rule “with the respect reserved for a time bomb.” Id. at 315. The appellant has failed in her burden of demonstrating “good cause” for her failure of service. In this posture, the court had no discretion but to dismiss the action. See Iamsuri v. Macomber, 1999 Mass. App. Div. 40, 41.
There being no prejudicial error, the Order of Dismissal is affirmed.
So ordered.

 We note that the judge allowed the motion “with prejudice.” Although technically it should have been “without prejudice,” the practical effect is the same due to the operation of the statute of limitations.