Williams, EJ.
Claiming damage resulting from an altercation with store employees, the plaintiff, Hilario DeAndrade (“DeAndrade”), filed suit against the liquidating agent for the store, Schottenstein Bernstein Capital Group, Inc.(“Schottenstein”). *6 Schottenstein filed an answer to the amended complaint against it, following that answer with a motion to dismiss for untimely service under Mass. R Civ. E, Rule 4©. That motion was allowed. Because Schottenstein had filed an answer that did not expressly state that service was late under Rule 4®, DeAndrade claims Schotten-stein had waived that defense and, thus, the motion judge’s dismissal was clearly erroneous. We disagree, and dismiss the appeal.
DeAndrade alleges injury from an assault and battery at a store owned by HomeLife Furniture, Inc. (“HomeLife”) in Stoughton on September 8, 2001. He filed suit against HomeLife on May 16, 2002. Having later learned that HomeLife enjoyed a bankruptcy stay, DeAndrade filed a separate suit against HomeLife’s insurer on July 3, 2003. Yet later, DeAndrade discovered that at the time of the alleged assault, the subject store was under the control of a liquidating agent, Schottenstein. On December 14, 2004, more than three years and three months after the original suit had been commenced, DeAndrade moved to add Schottenstein as a defendant. The court allowed that motion on December 24, 2004.
Precisely 90 days after that allowance, on March 23, 2005, DeAndrade tried to serve the amended complaint on Schottenstein, located in Great Neck, New York, by certified mail, return receipt requested. The receipt was not returned and a post-office record of the article number could not be found.
DeAndrade then tried service on Schottenstein by Express Overnight Mail, which attempt proved successful on May 3, 2005. Apparently Schottenstein had got wind of file complaint, because on April 28, 2005, five days before that actual service, Schottenstein filed an answer to DeAndrade’s amended complaint. Among the affirmative defenses Schottenstein raised was that the amended complaint should be dismissed for insufficiency of service of process. On May 9,2005, Schottenstein filed a motion to dismiss the amended complaint pursuant to Mass. R. Civ R, Rules 4© and 12©) (5), on the specific ground that service of process had been late.[1] DeAndrade opposed that motion, and following a hearing, the motion judge allowed ©e motion to dismiss on June 10, 2005. It is from that dismissal DeAndrade has appealed, claiming the dismissal was clearly erroneous.
DeAndrade argues in essence ©at Schottenstein waived its right to a Rule 4© dismissal because its answer, which was filed before its motion to dismiss, did not adequately preserve ©e issue of late service. In the absence of Massachusetts au©ority supporting that notion, DeAndrade relies upon three federal-circuit opinions holding ©at a defendant who fails to object to timely service in its answer waives that defense. McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194-95 (3d Cir. 1998); Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1021 (5th Cir. 1995); Pusey v. Dallas Corp., 938 F.2d 498, 500-01 (4th Cir. 1991). McCurdy and Resolution Trust are irrelevant here because they hold ©at ©e defense of insuffi *7 ciency of process is waived if it is omitted from a Rule 12 motion or an answer.[2] But Schottenstein’s answer did contain that affirmative defense. The fair reading of these decisions, and numerous ones they cite, supports the conclusion that an attack on the timeliness of service (the federal F.R. Civ. R, Rule 4(m),[3] allowing 120 days for service, and our Mass. R. Civ. E, Rule 4®, allowing 90 days for service) is encompassed by the Rule 12 defense of insufficiency of service of process. That is precisely the defense Schottenstein raised. This line of federal decisions affords DeAndrade no assistance.
Pusey, though, may be read to hold more specifically that by failing to raise the defense that service of process was untimely under Rule 4®, as opposed to a more general insufficient-service defense, either in a pre-answer motion or an answer, a defendant waives that defense, unless at the time of service of the answer the defendant did not know the defense was available. Pusey, supra, at 501. (Whether Schottenstein knew when it filed its answer that the Rule 4® defense was available is unknown). To the extent Pusey or any other foreign decision would require a specific citation in an insufficient-service defense of Mass. R. Civ. R, Rule 4(j), or a specific recitation that the service was “insufficient” because it was late, we would decline to follow them. In any event, a judge’s failure to follow such foreign precedent, which would represent a minority view, would not constitute clear error on his or her part.
DeAndrade also complains in a conclusory fashion that Schottenstein’s motion to dismiss followed the filing of its answer. A motion to dismiss which is filed after an answer, the course Schottenstein followed here, serves the same function as a motion for judgment on the pleadings filed under Mass. R. Civ. R, Rule 12(c), and may be regarded as one. Long v. Hodges, 1978 Mass. App. Div. 75, 76. And if on a motion for judgment on the pleadings material outside the pleadings is presented to and not excluded by the court, the motion is treated as one for summary judgment and disposed of as provided in Mass. R. Civ. R, Rule 56. Mass. R. Civ. R, Rule 12(c). See also, e.g., Joslyn v. Chang, 445 Mass. 344, 346 n. 5 (2005) (motion to dismiss treated as one for summary judgment). DeAndrade does not complain he was prejudiced by any constructive conversion of the Rule 12(c) motion into some other kind of dispositive motion. See Commodore v. Genesis Health Ventures, Inc., 63 Mass. App. Ct. 57, 59 (2005) (actual notice of conversion of Rule 12 (c) motion to Rule 56 motion not always required provided nonmovant has constructive notice of potential conversion and adequate time to submit factual submissions). Any material relevant to the timing of service on Schottenstein outside the pleadings would seem to be reflected on the docket and would have been introduced only to establish certain dates, about which there seems no disagreement. Indeed, we have taken as accurate the dates and events provided by DeAndrade.
The harsh consequences of failing to adhere to the clear, and unforgiving, mandate of Rule 4® and DeAndrade’s performance in that context merit comment.
*8 DeAndrade’s failure to serve Schottenstein within the 90 days provided in Rule 4© required the dismissal of the amended complaint unless DeAndrade could demonstrate “good cause” for the noncompliance.[4] E.g., Commissioner of Revenue v. Carrigan, 45 Mass. App. Ct. 309, 311 (1998); see also, e.g., Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 25-27 & n.10 (1992); Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991) (rescript). The simple but rigorous requirements of Rule 4® and the severe consequences of breaching them demands treating the Rule “with the respect reserved for a time bomb.” Commissioner of Revenue, supra, at 315 (citations omitted); see also, e.g., Glasser v. Degenkart, 1995 Mass. App. Div. 42, 43. DeAndrade apparently made no effort to serve Schottenstein until the absolute last day of the Rule 4® service period. See Boulay v. Salley, 1999 Mass. App. Div. 42, 43 (failure timely to provide process server with process displays “obvious disregard of the plaintiffs responsibility”). Just as DeAndrade apparently made no attempt to serve Schottenstein until the final hours of the service period, he also did not move under Mass. R. Civ. R, Rule 6©), for an enlargement of time in which to serve Schottenstein. Failure to have moved under Rule 6©) for an enlargement of time is itself evidence of a lack of diligence on DeAndrade’s part. E.g., Shuman, supra, at 953; Plavin v. Lutts, 2000 Mass. App. Div. 58, 59.
The appeal is dismissed.
So ordered.

 Under ©e “civil-one trial” system, which became effective in Plymouth County on August 31, 2004, see St. 2004, c. 252, §23, ©e Clerk’s Office is mandated to implement Mass. R. Civ. R, Rule 4© to dismiss automatically any case in which ©e plain©f has not served the defendant with process wfrhin 90 days of the filing of the complaint. Joint Standing Order No. 1-04, §V.A. In practice, ©e Clerk’s Office is supposed to check an action 120 days after its commencement if no answer has been filed to determine whether a re©rn of service has been made. (The 120-day mark is reached by adding ©e Rule 4© 90 days for service, plus 20 days for ©e re©rn of service, plus ©ree days to allow for the filing of the re©rn by mail, plus a seven-day “cushion.”). If ©ere is no such re©rn, the Clerk’s office dismisses the action for lack of service pursuant to Rule 4®. This procedure was not followed here; had it been, ©e claim against Schottenstein should have been dismissed about April 23,2005.

 The Resolution Trust decision especially represents more petard than solace for DeAndrade. Although that decision holds that failure to raise the defense of insufficiency of process in an answer waived any objection to the service and that that waiver is not trumped by the mandatory language of F.R. Civ. R, Rule 4® [now Rule 4(m)j regarding service within a specified time period, Resolution Trust, supra, at 1021, it goes on to discuss the plaintiff’s failure to demonstrate “good cause” for failing timely to serve the defendant, when apart from a frustrated attempt to mail service to the defendant, it described no other attempts to serve or locate him. Id., at 1022. Those circumstances are similar to those presented here. The plaintiff in Resolution Trust at least tried to demonstrate good cause and good faith to excuse its failure timely to serve the defendant.

 F.R. Civ. P. 4® became 4(m) in 1993.

 “Good cause” is “‘a stringent standard requiring diligen[t]’ albeit unsuccessful effort to complete service wfflhin ©e period prescribed by ©e rule.” Shuman, supra, at 953 (internal citation omitted); see also, e.g., Maloney v. Maloney, 2004 Mass. App. Div. 189, 189; Boulay, supra, at 43. In determining whether a plaintiff has sustained its burden of showing good cause, “[t]he focus of the court’s inquiry is ©e reasonableness and diligence of counsel’s effort to effect service wi©in ©e time required.” Commissioner of Revenue, supra, at 312, quoting Shuman, supra, at 953. Neither inadvertence nor ©e lassftude of counsel constftutes “good cause.” Commissioner of Revenue, supra, at 313, 316; Iamsuri v. Macomber, 1999 Mass. App. Div. 40, 41 (ordinary neglect or mistake insufficient to meet burden). “The only example of good cause provided by ©e legislative history is ©e obvious one of a defendant’s evasion of service.” Shuman, supra, at 953 (internal citation omitted).