Fremont-Smith, Thayer, J.
In this case, plaintiff alleges he was injured on July 21, 1991 when part of an assembly of the lower edge of a door to a freight elevator fell off of the door and struck his chest.
The plaintiff admits, however, that he observed no apparent defect in the door assembly before the accident. Although it was discovered after the accident that one or more of the bolts for the assembly were missing, there is no evidence (expert or otherwise) proffered as to what caused them to become missing or how long they had been so. Boston Elevator, who had contracted to service the elevator, had regularly inspected, secured and performed any repairs which appeared necessary prior to the accident. There is no evidence that Boston Elevator or the owner, Fideliiy Sportswear, Inc. was on notice of any defective condition.
The mere happening of an accident is not enough to prove negligence. Osborne v. Hemingway Transport, Inc., 28 Mass.App.Ct. 944, 945 (1990). Further, the presence of a latent defect cannot ordinarily be inferred in the absence of expert testimony. Enrich v. Windmere Corp., 416 Mass. 83, 87 (1993). See Bernstein v. Highland Associates of Worcester, Inc., 1 Mass.App.Ct. 132, 133-34 (1973) (res ipsa loquitur is not available to provide an inference of negligence against a defendant where the device was not under the exclusive control of the defendant or was not of a iype which would ordinarily not occur but for the defendant’s negligence). See also McKeon v. Whitney Plaza Trust, 65 Mass.App.Ct. 1117 (2006) WL 300619 (unpublished decision).
ORDER
Accordingly, the motion of each defendant for summary judgment is allowed, and final judgment shall be entered for each defendant.