Tucker, Richard T, J.
This came before the Court upon motions for summary judgment under Rule 56, Mass.R.Civ.P. The defendants UMass Memorial Medical Center, Inc. and Delta Beckwith Elevator, Co. assert that no genuine issues of material fact exist, and they are entitled to judgment as a matter of law. Upon consideration of the arguments of the parties, the motion record and the authorities relied upon the motions for summary judgment are ALLOWED.
FACTUAL BACKGROUND
The motion record reveals that on May 1, 2008 the plaintiff fell and was injured as she was entering lobby elevator “B” at the Hahneman campus, UMass Memorial Medical Center, Worcester, Massachusetts (UMass). In her fall, her shoulder was dislocated. Upon discovery by hospital personnel, she was taken to the emergency room where she was treated. After a period of rest, diagnostic testing and observation the plaintiff underwent arthoscopic shoulder surgery in early June 2012 to repair a torn rotator cuff. Following said surgery she performed physical therapy.
The plaintiff was employed at the time of her fall in a law office. Upon learning of plaintiffs injury, later on the day of the injury, lawyers from her firm went to the site. They observed and took photographs of the elevator at which plaintiff fell. The lawyers observed a discrepancy between the elevator floor and the lobby floor of “a little over one quarter inch,” which one attorney has described in an affidavit. No warnings were reported as being posted at the elevator.
The service contract between the defendant UMass and the defendant, Delta Beckwith Elevator Co. (Delta) requires that the elevators be maintained to level with the outside floor with no more than a one-quarter to one-half inch discrepancy.
Plaintiff claims that the defendant UMass was negligent in its maintenance of its property and in failing to warn foreseeable users of the elevator of its defective condition. Plaintiff claims that Delta was negligent in maintaining and repairing the elevator.
The motion record reveals that plaintiff, neither before or after her fall, observed the elevator to be misleveled. Plaintiff has no evidence that the elevator experienced an unleveling condition in the past or that other persons were ever injured in a similar manner. The plaintiff proffers no expert opinion as to any defective condition of the elevator prior to plaintiffs fall. Lastly, the plaintiff has stated under oath that she does not know what caused her to fall.
*438 Applicable Standard
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
DISCUSSION
The plaintiff states that it need not present expert testimony on the issues at hand. Additionally, plaintiff asserts that it need not prove how long the elevator had misleveled or whether the defendants had reason to know of any misleveling or complaints of injuries as a result of said misleveling. Plaintiff argues that these elements of a traditional theory of liability for an injury such as occurred are unnecessary and cites Sheehan v. Roache Brothers Supermarkets, Inc., 448 Mass. 780 (2007), in support of this assertion. The Sheehan decision adopted a “mode of operation” approach over the “traditional” approach for certain premises liability actions.[1] Under this approach “if a plaintiff proves that an unsafe condition on an owner’s premises exists that was reasonably foreseeable, resulting from an owner’s self-service business or mode of operation, and the plaintiff slips as a result of the unsafe condition, the plaintiff will satisfy the notice requirements.” Id. at 791 (citation omitted). Additionally, a store owner will be liable to a plaintiff injured as a result of a dangerous condition caused by a third parfy only if the owner could reasonably foresee that the dangerous condition could occur, resulting from the owner’s chosen mode of operation and the owner took inadequate steps to forestall resulting injuries. Id. at 791-92. The head notes to the Sheehan decision issued by the Supreme Judicial Court on December 6, 2006 state that “this court announced adoption of the ‘mode of operations’ approach to premises liability in grocery stores slip and fall cases . . .” Throughout the court’s opinion reference is made to slip and falls resulting from stepping on fruit or vegetables in retail operations. Indeed the Sheehan court saw the need for “modification of the traditional premises liability approach . . . in large part, based on the change in grocery stores from individualize clerk-assisted to self-service operations and focuses on the reasonable foreseeability of a patron’s carelessness in the circumstances, instead of on constructive or actual notice.” Id.
Accordingly, this court does not find that Sheehan is applicable to the non-retail-type trip and fall injury in issue in this case. The case law that has considered the mode of operation approach since the Sheehan decision has been limited. Nonetheless, in Smart v. DeMoulis Supermarkets, Inc., 2008 Mass.App.Div. 105, the appellate division of the district court found that the mode of operation approach to premises liability was not applicable to a claim for a supermarket customer’s injury arising out of a customer’s fall, allegedly due to a puddle of water, where there was no evidence linking the puddle to the supermarket’s mode of operation. Id. In the Supreme Judicial Court’s pronouncement of Papadopoulos v. Target Corporation, 457 Mass. 368 (2010), in which the court abolished the “natural and unnatural accumulations” distinction in snow and ice cases, the Supreme Judicial Court cited the Sheehan decision, but never stated that the mode of operation approach had any applicability in a snow and ice situation. This Court does not find that the mode of operations approach to premises liability has applicability here where the injury is pleaded as having been the result of the negligent maintenance or repair of a complicated piece of machinery.
Even more dispositive of these motions is that the plaintiff does not state anywhere in the motion record that the alleged misleveling of the elevator caused her to fall. Under Sheehan, or under a traditional approach, a plaintiff must prove that the unsafe condition on the owner’s premises caused the plaintiff to slip or be injured. See, Sheehan at 791. Although plaintiffs attorneys have identified the condition which they believe caused her injury this is not by any means the only possible manner in which the injury could have resulted.[2] In the similar case of Bernstein v. Highland Associates of Worcester, 1 Mass.App.Ct. 132, 133-34 (1973), in which the elevator allegedly failed to level by three inches, the Appeals Court stated;
Moreover, the failure of the elevator to level with the floor (unlike for example the falling elevator cases relied upon by the plaintiff) (citations omitted) did not establish the cause of the plaintiffs injury but simply created a condition upon which the plaintiff subsequently acted and was thereby injured. On these facts, the plaintiff is not relieved of her burden of proving that the proximate cause of her injury was negligence of the defendant. . .
*439 Without even the allegation that the misleveling caused the plaintiff to fall, the plaintiff cannot prevail under either the traditional approach or the Sheehan mode of operation approach. The defendants are entitled to judgment as a matter of law.
ORDER
For the above stated reasons the motions for summary judgment of the defendants are ALLOWED.

 The elements of traditional premises liability is set forth in the Restatement (Second) of Torts, §343 (1965):
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.

 Although not submitted with the summary judgment record, and therefore the court does not consider this substantively, counsel for defendant stated during the summary judgment hearing that plaintiffs report of this incident to emergency room personnel stated that she slipped on a paper or tissue on the floor as she was entering the elevator. The court accepts this only as one other way in which the fall could have occurred.